Chief Justice Robertson
delivered the Opinion of the Court.
Dillingham, being the obligee in a replevin bond which had been given by Noland as principal, and by Bennett and others as his sureties, filed a bill in chancery against Bennett and wife, alleging, that they had removed to the State of Missouri; that all the obligors had become insolvent, and that Bennett, in right of his wife, held an interest in a tract ®f land, in the county in which the bill was filed, and was entitled to money in the hands of the personal representative of his wife’s mother, and in the *437 hands of a commissioner who had, pursuant to a decree on the petition of Bennett'and wife and others who were distributees of her mother, sold slaves to which the said distributees were, as such, entitled : and therefore praying for a decree, subjecting the said land and money to the satisfaction, pro tanto, of the replevin bond.
Decree of the circuit court.
Question for decision here.
A,court of equity will not aid1 a husband in reducing the chattels and dieses' in action of tile-wife to possession, nor subject them to the' satisfaction of his debts (upon his creditor’s bill against him and his wife,for that object)— without a suitable provision _ being made,out _ of the property, for the support of the wife, if she desires it, and her condition is such as to require it; and if the whole is necessary for that object, no part will be put at the disposal of the husband, or within the reach of his creditors.
Bennett and sVife answered the bill, and resisted a decree against them, on several grounds; but particularly, because, as they alleged, the property, sought to be subjected, was still that of the wife, so far as to entitle her to a competent provision.
It was admitted, on the record, by Dillingham, that Bennett and wife have a large family of children ; that they are in a condition of extreme poverty and destitution ; and that the entire interest which they held in her mother’s estate, does not exceed, in value, two hundred dollars.
The circuit court decreed, that fifty eight dollars, to which Bennett was, in the opinion of that-court, entitled, out of the money in the hands of the commissioner who had sold the slaves, under the decree on the petition of the distributees, should he paid to Dillingham.
Waiving every other objection to the decree, we shall consider only whether Mrs. Bennett be entitled, in equity, to the whole, or any part, of the fifty eight dollars, in preference to her husband’s creditor, who asks the chancellor to apply it to the payment of his debt.
It is the settled and peculiar doctrine of a court of equity, that a wife will be entitled to a provision, out of her own personal property, before the husband shall have actually obtained the possession of it; and that the chancellor may secure a settlement on the wife, as against the claim of the husband, or his creditor, whenever either of them shall apply to him for his aid in getting possession of such property, claimed in right of the wife. In Kenny vs. Udall, 5 Johnson’s Chy. Rep. 473, Chancellor Kent says, “ It is now understood to be settled, that the wife’s equity attaches upon her personal property, when *438 it is subject to the jurisdiction of the court, and is the object of the suit (in chancery,) in whosesoever hands it may have come, or'in whatever manner it may have been transferred and lie cites numerous adjudged cases, in support of the principle thus laid down. How far this doctrine may, under all circumstances, be correct when applied to the bona fide assignee-of the husband’s legal right to the wife’s chatties or choscs in action, we shall not now decide, or stop to enquire; for we have no doubt that, in its application to the husband, or to his creditor, suing in equity, it is unexceptionable — whether the husband’s interest in the wife’s personalty he equitable or legal, in virtual possession or in action. Whenever the husband, or his creditor, calls on the chancellor for his aid, in getting hold of the wife’s property, or property claimed in right of the wife,-whatever may be tiie husband’s interest in it, the chancellor may withhold any relief, until the wife, — if she need and desire a provision — shall he provided for. 2 Pr. Wms. 639; 2 Ves. 669.
Property of the wife,which, under rn order in the suit of a husband and wife, for distribution, ban been converted into money in the hands of a cormnissiunor,or administrator, is still not reduced to possession by the husband: were he to die, shealone would be entitled to it: it connot be renohed by his creditors, without a provision for her.
But, in this case, Bennett’s interest in the distributable fund in the hands of the commissioner, had not been, and could not he deemed to have been, reduced into his possession. Before the decree for distribution, the wife’s interest was a chose in action. Whitaker vs. Whitaker, 6 Johnson's Reports, 112. The wife was joined in the suit for distribution, and therefore the maxim transit in rem judicatura could not apply to such a decree, so as to change the wife’s pre-existent right. The money in the hands of the commissioner is not in the possession of the husband ; if he die before he receives jt, and his wife survive, she alone will be entitled to it. Manners vs. Martin, 1 Ch. Ca 21; 1 Vern. 396; 2 Ves. 677; 3 Atk. 21; Executors of Schoonmaker vs. Elmendorf, 10 Johnson's Reports, 49.
The money in the hands of the commissioner is then no more liable, in this case, to the creditor’s demand than the money in the hands of the administrator would be; and, as to each fund, we have no doubt that-the chancellor should make no decree in favor of the creditor until Mrs. Bennett be provided for; and, as it appears, that the whole of both funds would he but a very *439 inadequate provision, the chancellor should not touch either of them, except in favor of the wife. See Kenny vs. Udall, supra.
Decree reversed, and cause remanded with instructions to dismiss the hill. It does not present a'sufficient foundation for any decree as to the undescrihed land, and the undefined interest of Bennett in it, even were we to concede that, otherwise, it would exhibit any equity which could, on the facts now appearing, be made available.