Judge Simpson
delivered the opinion of the Court.
The contest in this case is between the assignee of the husband, for a valuable consideration, and the wife, about a fund that belonged to the latter, and was in the hands of her guardian.
The husband and wife had instituted a suit in Chancery against the guardian for a settlement of his accounts and a payment of the money in his hands to them! During the pendency of that suit, a creditor of the husband commenced a separate suit in Chancery for the purpose of subjecting the fund to the payment of his debt, on the ground of the insolvency of the husband, as established by a judgment at law and a return of no property found, upon an execution that issued thereon.
Upon the petition of the wife, she was made a defendant to the latter suit, and by an answer and cross-bill against the creditor and guardian, asserted an equity to the fund, as part of her estate in the hands of her guardian.
Previous to the institution of this suit by the creditor,the husband had for a valuable consideration assigned the fund in contest to another person.
A decree was rendered in the first suit by which the amount due by the guardian to the wife was ascertain *244 ed, and its payment ordered to be made to the husband and wife jointly.
Decree of the Circuit Court.
Assignees in bankruptcy, and the assignees of the husband of the wife’s chosen in. action, & equitable interests, take them subject to the equity of the wife to a settlement. (Roper on Musb. and Wife, vol. 1-, 263, 273; Clanci) on Married Women, 494 to 610; 2 Story’s Eq. 638.)
After this decree was rendered the guardian died, and the creditor in the suit which he had instituted, filed a bill of revivor against his executor. The executor then filed an answer and cross-bill against all the parties claiming the fund, for the purpose of having their respective rights to it decided, and alleged that he had by the consent of the creditor, paid the money over to the husband’s assignee, believing that he was entitled to it, with the understanding, however, that it should be repaid to him if the right of the wife prevailed. He also alleged that the husband had, during the pendency of the suit, become a bankrupt and obtained a certificate of discharge as such, which he exhibited.
The Court below rendered a decree in favor of the wife, and also in favor of the executor for the money he had paid over to the assignee. To that decree both the executor and assignee have prosecuted writs of error.
Various objections are made to the proceedings on the ground of irregularity, but as the merits of the controversy depend upon the question whether, the assignment by the husband deprived the wife of her equity to a settlement, that will be first considered.
It has been long the settled equitable doctrine that assignees in bankruptcy, or insolvency, of the husband, and also his general assignees for the payment of debts due to his creditor’s generally, take the wife’s choses in action and equitable interests assigned to them, subject to her equity to a settlement. It was at one time doubted whether a special assignee or purchaser from the husband, for a valuable consideration, took them also subject to the wife’s equity. But it is now firmly established that he does, and that her equity is superior to the right of the assignee. (Roper on Husband and Wife, vol. 1, 263 273; Clancy on Married Women, 494 to 510; 2 Storey’s Equity, 638.)
It is, however, contended that the decree directing the payment of the money to the husband and wife, ex *245 tinguished the wife’s right of survivorship to it, and consequently deprived her of her equity to a settlement. It is not admitted that a decree obtained in right of the wife, ordering the payment of the amount decreed, to be made to her and her husband jointly, will have the effect ascribed to it. But it is not on this occasion deemed necessary to decide that question. The loss of the wife’s right of survivorship, does not necessarily deprive her of her equity to a settlement. The latter right exists, in her equitable interests, until the husband or his assignee actually obtains the possession of the money or the property: (Clancy on the Rights of Married Women, 441; 2 Dana, 437.) Besides, the wife had in this case, filed her cross-bill, claiming the fund in the hands of the guardian, before the decree was rendered in the other case, and the form of that decree could not prejudice her right.
The right of the wife to a settlement exists until the husband or his assignee actually obtains possession of the money or property. {Clancy 441, 2 Dana 437.)
The payment, of a fund to the assigneeofthehusband, out of which the wife has an equity to a settlement pending a litigation for that object, will not affect the right of the wife. (4 Vesy 48.)
Though a party to a suit in chancery die, it is still a pending suit until an abatement be entered.
No leave is necessary tobe had of the Court to file a bill of Te* vivor — it is matter of right. — Is it necessary to notice it upon the record at all? Quere.
*245 Nor did the payment made to the assignee, by the executor of the guardian, affect the equity of the wife. The fund in the hands of the guardian was under the direction and control of a Court of Equity, and the payment having been made after the suit had been commenced by the wife, was unauthorized and must be disregarded: (Macauley vs Philips, 4 Ves. 18.)
It is urged, however, that no suit was pending at the time the payment was made, the guardian having previously died, and the wife not having filed a bill of revivor.
The suit, however, was still pending, no order of Court had been entered abating it; and a bill of revivor had been in fact filed by the wife, and endorsed by the Clerk as having been filed in Court, although not entered on the order book. Under these circumstances, the payment must be regarded as having been made wrongfully, and it cannot prejudice in any degree the wife’s equity.
The regularity of the decree is objected to, because the bill of revivor by the wife was not noted on the order book, and because no process was served on the executor. As no application is required to be made to *246 the Court for leave to file a bill of revivor, but a party has a right to file a bill for that purpose whenever it is necessary to do so, it may be questionable whether the failure to enter it on the order book, as filed, would constitute an available objection to the regularity of the proceedings; but the point is deemed immaterial and is not now decided. The executor having appeared and filed his answer and cross-bill, in which the claims of all the parties were noticed, and presented to the Court for adjudication, which cross-bill was answered by the wife, the object of a bill of revivor and the execution of process thereon had been virtually attained, and as the parties were all before the Court, and their rights set forth and asserted in the pleadings in the cause, there existed no good reason why they should not have been passed upon and settled by the Court.
A decree for the payment of money which has been injoined in the hands of a party to the suit, is in effect a dissolution of an injunction, and giving direction to the fund.
The CircuitCourt may correct clerical errors after the expiration of the term, a decree in personam against executors where it should have been out of assets, is such an error.
*246 Another objection to the decree is, that it directs the payment of the money to be made by the executor, without first having dissolved the injunction that the creditor had obtained in the same suit against the payment of the money by the guardian. Although the decree did not formally dissolve the injunction, yet it did, in effect do so, by directing the payment of the money in opposition to the restraining order, and, therefore, no formal dissolution of the injunction was necessary. But it is said that there are two decrees for the same money in different suits — one directing the payment to be made to the husband and wife, and the other directing it to be made for the benefit of the wife alone. This, however, creates no difficulty and forms no objection to the decree. The payment of the last will discharge both, and exonerate the executor from further liability on either.
So far, however, as the executor is concerned, the decree is erroneous in not ordering the money to be paid by him out of the assets in his hands. For this error, that part of the decree will have to be reversed. But as it is an error that might have been corrested by application to the Court below, the reversal on that *247 ground alone will not, according to the present practice, entitle him to his costs in this Court.
—And costs will not be adjudged to plaintiff in error or appellant where that is the only error, unless application has been made to the Court below.
Apperson for plaintiffs; Peters, J. ¿y TV. L. Harlan and Daniel for defendants.
Wherefore, there being no error to the prejudice of Thomas, the assignee, the decree is affirmed upon his writ of error; and as to the executor it is reversed, with directions to change the decree, so as to make the sum decreed payable by him out of the assets in his .hands; and upon his writ of error, the parties must each pay their own costs.