## M. V. R. LONG v. SIMPSON & GRECHRIST, ET AL.

**Wife's Lease Subject to Claims of Husband's Creditors.**

A wife may hold a freehold or an estate of inheritance against her husband's creditors, but a husband is entitled to the wife's chattels, unless they are the separate property of the wife.

APPEAL FROM UNION COURT OF COMMON PLEAS.

October 17, 1878.

OPINION BY JUDGE ELLIOTT:

This is an appeal by Mrs. M. V. R. Long from a judgment of the Union Court of Common Pleas. On September 19, 1874, Mrs. M. A. Carroll leased for and during the period of thirty years to Mrs. M. V. R. Long, the appellant, the coal and mineral privileges of about 400 acres of land lying near Caseysville, Kentucky.

By the contract the appellant was to have the exclusive privilege of mining coal under the surface of said 400 acres of land, and for that purpose to enter on or drive entries into or excavate a part of it, etc.   The consideration of the lease seems to have been the development of the coal fields and one-half cent per bushel for each bushel of coal mined on the leased premises.   Mrs. Long, the lessee, was without financial ability to work the coal mines and transport the coal to market, and on application to D. A. Brooks & Company they agreed to aid her in the development of the coal fields, provided she would secure their advances by a mortgage, which she agreed to and soon after did; and although the mortgage does not state the amount

secured by it, it does state that the lien is intended to secure the mortgagees for all advances which they thereafter made to her and for money raised by her with them as surety.

By reason of this mortgage Brooks & Company furnished appellant over $13,000, a large amount of which was spent in driving entries into the mines and making roads therefrom to the river, and other improvements made upon the leased property, and although a large amount of coal was mined and transported to market, at the institution of this action the appellant had failed to return the advances made to her by Brooks & Company by the sum of $2,400.09.

We are of the opinion that the mortgage secured these advances, and especially as according to the evidence all the fixtures and improvements made on the leased premises and attached in this action were paid for with the money advanced by Brooks & Company. After this suit was brought, appellant employed Brooks & Company to superintend the working of the mines and the transportation and sale of the coal, and pay to her one-half of the net profits and apply the other half to the extinguishment of her indebtedness to them.

But whether the mortgage of Brooks & Company created a lien in their favor for advancements made by them to appellant cannot be a subject of inquiry on this appeal, as they are not parties to it. Nor can the court notice any errors of the court below except those to Mrs. Long's prejudice, as she is the only appellant, and there is no cross-appeal by any of the appellees.

Under the contract between Mrs. Carroll and appellant she claims that the leased premises belong to her, and that they cannot be taken for her husband's debts, this suit being brought by Simpson and others, appellees, on returns of "nulla bona" against B. M. Long, appellant's husband, to subject the leased premises to the payment of their claims.

The evidence indicates that Dr. B. M. Long, the husband of appellee, is insolvent, and has been for many years, and that the appellees are his judgment creditors and have had returns of "no property found" on the fi. fas. issued on their judgments. It further indicates that Mrs. Carroll, who was aware of Dr. Long's financial condition, refused to rent her coal lands to him for fear she would not get the money charged by her on the coal mined on her land, and for fear he would be so harrassed by his creditors that the development of the coal fields on her land would be frustrated, if not defeated.

The evidence is clear that there was no fraud in the contract of

6

lease between Mrs. Carroll and Mrs. Long, and the evidence is equally clear that Dr. Long never paid anything on the contract of lease. He acted as his wife's agent in superintending the working of the mines and transportation of coal therefrom, but, up to the bringing of this suit by Dr. Long's creditors, the working of the leased premises had proved unprofitable, and the lessee found herself in debt some $2,400; but as her lasting and valuable improvements on the leased premises had been made at a cost of six or seven thousand dollars she was struggling on in hopes that a day of prosperity would yet come, when, instead of being overtaken by prosperity, she was overtaken by the attachments in these suits which seek to treat the leased premises as the property of Dr. Long, her husband, and sell it in payment of his debts.

As there was no fraud or pretense of fraud in the acquisition of this lease by appellant, and as her husband never paid a cent for it, and his labor on it has not amounted to anything like a support for his family, if the estate leased were a freehold or a state of inheritance there can be there can be no doubt that she could hold it against her husband's creditors and all other persons; but as this is a chattel real the husband is entitled to it, unless it is the separate property of the wife, and this lease was not made separate property. But as this lease is in the wife's possession, and as she therefore survived him, she would take it by survivorship, and as Dr. Long's creditors have come into a court of equity to have the lease of the wife appropriated to the husband's debts, such appropriation ought to be made on equitable principles; and those equitable principles require that before the court will take the wife's property not yet reduced to the husband's possession and appropriate it to the discharge of his indebtedness it will see that the wife and children has not been left to starve or freeze, but will settle out of such estate on her sums sufficient to shield her and her children from want and supply them with food, shelter and raiment.

In *Bennett & Wife v. Dillingham*, 2 Dana 436, this court says: "Whenever the husband, or his creditor, calls on the chancellor for his aid, in getting hold of the wife's property, or property claimed in right of the wife, whatever may be the husband's interest in it, the chancellor may withhold any relief until the wife—if she need and desire a provision—shall be provided for." The appellant claims all the property to be hers, and from the pleadings and proof has a large

family with no estate but the leased premises, with an insolvent man for a husband.

As by the consent of her husband the appellant had sublet the leased premises to Brooks & Company, to be worked by them, it was erroneous to take the property out of their possession till their lien debt had been paid, but should have let that contract stand and have made the proper appropriation of the profits which were to be paid to Mrs. Long; and the putting of the property in the hands of a receiver till Brooks & Company are paid may prejudice the rights of appellant, as by her contract with them they may be paid soonor than if the property is worked by a receiver.

Wherefore the judgment is *reversed*, with directions to adjudge that Brooks & Company have a right to work the mines under their contract with appellant till their lien debt is paid, and that the half of their profits to which appellant is entitled under that contract shall be appropriated to the payment of appellant's husband's debts, after making proper provision for appellant, should she so desire.

*L. W. Long, for appellant.*

*D. H. Hughes, Houston, Adair & Morton, for appellees.*

---

EDWARD CUMMINS *v.* JAMES T. CLARK.

**Collection of Tax—Statute of Limitations.**
> The collection of taxes may be barred by the statute of limitations.

**Prevention of Running of the Statute.**
> The running of the statute of limitations against the collection of taxes may be prevented by relisting delinquent taxes regularly by the proper officer.

October 21, 1878.

*Stevenson & O'Hara, for appellant. W. W. Ireland, for appellee.*