# GUNNER ANDERSON

*v.*

# JOHN WARNE.

1. FRAUD AND CIRCUMVENTION—*payee of note must participate.* Although the execution of a promissory note may be procured as to a surety by the fraud of the principal maker, if the payee is an innocent party, and has no knowledge of the facts, and is not privy to the fraud, this will afford no defense against the note.

2. NEGLIGENCE—*where one of two innocent parties must suffer loss, it must be borne by the one guilty of negligence.* The rule of law is, where one of two persons must suffer loss, he who by his negligent conduct made it possible for the loss to occur, must bear it. It is the duty of a party signing a promissory note, to use reasonable and ordinary precaution to avoid imposition, and if he does not, an innocent party should not suffer loss for his want of care.

APPEAL from the Circuit Court of Kane county; the Hon. SILVANUS WILCOX, Judge, presiding.

This was an action, brought by John Warne against Gunner Anderson and one Paul Brusher, before a justice of the peace, and taken by appeal to the circuit court. There was no service on Brusher, the principal in. the note. The opinion of the court states the material facts of the case.

Messrs. MAYBORNE & BROWN, for the appellant.

Mr. A. M. HERRINGTON, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The note which is the foundation of this action was made by plaintiff in error and Paul Brusher, and by its terms was payable to defendant in error. It is sought to avoid the payment, on the ground the note was obtained by fraud and circumvention. This defense can not be maintained. The wrongful conduct shown was between the makers, and was not participated in by the payee. He was guilty of no fraud-

ulent practices whatever. Brusher applied to him for the loan of $100, and proposed to give Gunner Anderson as security. At first the proposition was declined, but on further entreaty it was agreed he would give Brusher $96 for his note for $100, payable in ninety days, with Anderson as security. The note was procured, and the money paid over to Brusher. The payee had no reason to suspect it was not a fair transaction. There was nothing in the circumstances even to excite suspicion in the mind of any one, however careful. He had seen Brusher but a few days before, at Anderson's house, when Anderson had spoken of him as his friend, and inquired if he did not recollect him. Defendant in error had had frequent small business transactions with Brusher, and there was nothing unusual in offering to sell the note in controversy.

It is claimed, plaintiff in error was deceived into signing the note ; that Brusher represented to him it was an "identity paper," to enable him to procure his bounty money from defendant in error.

It is difficult to reconcile this theory of defense with good faith. Plaintiff in error knew Warne and Brusher were personally acquainted, and had previously had business transactions together. How he could have been deceived by the pretense that Brusher wanted an "identity paper," to present to a man with whom he was well acquainted, is not explained by any evidence. But if it be conceded Brusher was guilty of fraudulent practices in procuring the execution of the note, and that he obtained its execution under the belief it was an "identity paper," this fact would not change the decision. There was no fraud on the part of the payee, and his rights can not be affected by any fraud practiced between the makers of the note. The statute only renders the note void when the payee commits, procures, or has knowledge of the fraud before he receives the instrument. He must have participated in the wrongful conduct. Where the payee is free from all fraud or participation in procuring the execution of the

instrument, he can not be held responsible for the wrong inflicted, but it is otherwise when he is, by any means, a party to it. *Easter* v. *Minard*, 26 Ill. 494; *Young* v. *Ward*, 21 Ill. 223.

The evidence shows, plaintiff in error was himself guilty of negligence, and hence must bear the consequences resulting from his conduct. The rule of law is, where one of two persons must suffer loss, he who by his negligent conduct made it possible for the loss to occur must bear it. It is his duty to use reasonable and ordinary precaution to avoid imposition, for it is against reason that a party who stands fair should suffer for the negligent conduct of another. *Leach* v. *Nichols*, 55 Ill. 273; *Harvey* v. *Smith*, 55 Ill. 224; *Taylor* v. *Atchison*, 54 Ill. 196; *Mead* v. *Munson*, 60 Ill. 50.

The note was written in English, and plaintiff in error claims that neither he nor his wife, who were the only persons present except Brusher, could read it. The proof shows his daughter, who was a member of his family, could read English. She was temporarily absent, only a half mile distant. He ought to have awaited her return, which would have been but a short time, and had the instrument read before he signed it, and it was negligence not to do so.

The instructions given for defendant in error were substantially correct, and were such as the nature of the case required. Those refused stated the law differently from what we hold it to be, and for that reason were properly refused.

No error appearing in the record, the judgment is affirmed.

*Judgment affirmed.*

Mr. JUSTICE McALLISTER: I concur in the opinion of the majority of the court, so far as the decision goes upon the ground of negligence in the maker, but hold that if a person obtain the execution of a note by fraud and circumvention in such execution, the circumstance that the name of another person is inserted as payee, who did not participate in the fraud, does not deprive the maker of the right to set up the

fraud and circumvention as against such payee. Any instrument obtained by fraud and circumvention in the execution, without negligence on the part of the maker of it, is void at common law, whenever or howsoever the question may arise, and I think our statute subjects negotiable instruments to the same rule.

Mr. JUSTICE SHELDON: I concur with Mr. JUSTICE MCALLISTER.