## WILLIAM C. POLEMAN

### *v.*

### NELS JOHNSON.

1. LAW AND FACT—*whether there is evidence tending to prove essential fact.* Whether there is any evidence tending to prove any given material allegation of a declaration, is a question of law for the court to determine.

2. PRACTICE—*excluding all the evidence.* Where there is any one essential allegation of a declaration which has no proof tending to support it, it is the duty of the court to exclude from the consideration of the jury all the evidence in the case, or to charge the jury that there is no evidence to support the essential allegation, and, for want of such proof, to find for the defendant.

3. Where there is some evidence tending to support every essential allegation of the declaration, it is the province of the jury to say how much weight is to be given to such evidence, and to determine whether the evidence is sufficient to prove the proposition.

84 269
22a 649
84 269
131 593
84 269
140 68
84 269
54a 344
84 269
69a 649
84 269
88a 307
84 269
90a ¹436
84 269
109a ³413

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. A. O. STORY, and Mr. RUFUS KING, for the appellant.

Messrs. BROWN & MOSSNESS, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This was an action on the case, by Johnson, against Poleman, for deceit, in which it was charged, that in the sale to Johnson by Poleman of eighteen shares of full-paid stock in the Chicago Metallic Cement Manufacturing and Roofing Company, Poleman cheated Johnson by fraudulently inducing him to believe that the stock was valuable, when, in fact, it was wholly worthless, and that Poleman, at the time of sale, knew the stock to be worthless.

The proof in the case utterly fails to support the charge.

At the close of the evidence given in behalf of plaintiff, the defendant below (appellant) moved the court to exclude the evidence from the consideration of the jury. The court overruled the motion. This motion ought to have been sustained. Assuming all of the evidence, in behalf of plaintiff, to be true, and adopting as true every hypothesis which might not unreasonably be inferred from such proofs, still a case is not made out against the defendant below. There is, in truth, no evidence whatever tending to fasten upon appellant the charge of fraud.

Whether there is any evidence tending to prove any given material allegation of a declaration, is a question of law for the court to determine. Where there is any one *essential* allegation of a declaration which has no proof tending to support it, it is the duty of the court to exclude from the consideration of the jury all the evidence in the case, or to charge the jury that there is no evidence to support the supposed essential allegation of the declaration, and that, for want of such proof, they must find a verdict for the defendant. Where there is some evidence tending to support every essential alle-

gation of a declaration, it is the province of the jury to say how much weight is to be given to such evidence, and to determine whether the evidence given on each proposition is sufficient, in the judgment of the jury, to establish or prove the proposition; but. as said *supra*, it is, in the first place, the province of the court to determine, as a matter of law, whether there is any essential allegation of the plaintiff, in support of .which no evidence has been given. Where this is the case there is no question of fact to be submitted to the jury.

By former rulings of this court it has been determined, that under our statute the circuit court can not order, peremptorily, a non-suit and a discharge of the jury. This does not, however, take from the circuit court the power, nor relieve the circuit court from the duty, in a proper case, to instruct the jury that, under the proofs, there is no question of fact for them to consider, and that it is their duty to return a verdict as in case of non-suit.

Judgment is reversed, and the cause remanded.

*Judgment reversed.*