## THEODORE W. BARHYDT
### v.
## CAROLINE H. CLARK.

1. AFFIRMANCE OF CONTRACT—CONSIDERATION.—A party can not, while affirming a contract of sale, repudiate the consideration which formed an integral part of the contract and recover another and different consideration. A party to a contract can not affirm it in part and avoid it as to the residue.

2. AFFIRMANCE.—That a party to a deed did not know the contents of the deed at the time of executing it, is wholly immaterial, if afterward with full knowledge of its contents, he adopts it and seeks to avail himself of any rights under it. If he affirms and relies upon the contract, he must take it *cum onere* subject to all its terms and conditions.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed April 24, 1883.

This was an action of assumpsit brought by appellee against appellant to recover, as is claimed, her share of the consideration for the conveyance of land to appellant, in April, 1877. The declaration contains the common counts only, to which the general issue was pleaded. The case was tried by the court without a jury, and resulted in a judgment for the plaintiff for $325.

The evidence disclosed substantially the following facts: Appellee and her two sisters were the owners of an undivided one half of eight acres of land lying near Memphis, Tennessee,

each being the owner of one third of said half, or one sixth of the whole, subject to the interest therein of James Clark, their father, as tenant by the curtesy of a former wife. In April, 1877, Clark, being indebted in the sum of about $2,700, to the firm of T. W. Barhydt & Co. of which firm appellant was the senior member, arranged with the firm to allow him a credit of $650 on his indebtedness, in consideration of his procuring a conveyance to appellant of said one half interest in the land. In pursuance of this arrangement, Clark prepared a warranty deed, which was duly executed and acknowledged by himself and wife, and also by appellee and one of her sisters, and was by Clark delivered to appellant, and Clark was credited on his indebtedness to the firm, in the sum of $650 as agreed.. The other sister being a minor, Clark was to procure, at his own cost, a conveyance of her one third interest by proper proceedings in the courts of Tennessee. .

Appellee testified that at the time she signed the deed she was ignorant of its contents, but she also testified that she learned during the summer after making it, that she had conveyed her interest as above stated. Appellee's father died about a year subsequent to the execution of the deed, and it appeared that appellee, though frequently visiting at the house of appellant after she had learned of the conveyance as aforesaid, never asserted any claim to the consideration money until she commenced the present suit, a few weeks before the expiration of five years from the date of the deed.

Mr. E. A. OTIS, for appellant; that where a grantee in a conveyance is entirely innocent and acts in absolute good faith, he will be protected, and will hold the property, even though the grantor is induced to make the conveyance by the fraud and false representations of a third person, cited Compton v. Bunker Hill Bank, 96 Ill. 301; Spurgin v. Traub, 65 Ill. 170; Marston v. Brittenham, 76 Ill. 611; White v. Groves, 107 Mass. 325; Somes v. Brewer, 2 Pick. 184; Anderson v. Warne, 71 Ill. 20; Strong v. Linnington, 8 Bradwell, 436.

Where one of two persons must suffer loss, he who by his

negligent conduct made it possible for the loss to occur, must bear it: Bank of Montreal v. Dewar, 6 Bradwell, 294; Mc-Niell v. Tenth Nat. Bank, 46 N. Y. 329; Otis v. Gardner, Chicago Legal News, Feb. 10, 1883, p. 184.

An intention to ratify an unauthorized act will be presumed from the silence of the principal beyond a reasonable time, when he has opportunity to express his dissent: McGeoch v. Hooper, 11 Bradwell, 655; Story on Agency, 9th ed. § 256; Bank of Montreal v. Dewar, 6 Bradwell, 303; Dunlap's Paley on Agency, Note O.

There can not be an express contract and an implied contract arising out of the same transaction: Chitty on Contracts, 17, Note I; Walker v. Brown, 28 Ill. 378.

Messrs. FAIRCHILD & BLACKMAN, for appellee; that appellant is not a *bona fide* purchaser, and loses nothing, cited Rosemon v. Miller, 84 Ill. 299; Powell v. Jeffries, 4 Scam. 387.

Assumpsit lies for the debt: Bowen v. Bell, 20 John. 338.


WILSON, J. It was insisted by appellant's counsel in argument, that inasmuch as appellant purchased the property in good faith, and paid therefor what he agreed to pay, and to the person he had promised to pay, that even if the grantor had been induced to make the conveyance by a suppression of the truth, or by false representations, to which the grantee was not a party, the grantee will be protected. And cases are cited in appellant's brief in which it is held that where a married woman has executed a deed of her separate property to save her husband from arrest, or from a prosecution for embezzlement, the execution of such deed having been procured by the false and fraudulent representations of the husband, which, however, were not participated in by, and were unknown to, the grantee, she will be bound by the conveyance. Compton v. Bunker Hill Bank, 96 Ill. 301; Spurgin v. Traub, 65 Ill. 170; Marston v. Brittenham, 76 Ill. 611, citing White v. Groves, 107 Mass. 325, and Somes v. Brewer, 2 Pick. 184; Strong v. Linnington, 8 Bradwell, 436; also Anderson v. Warne, 71 Ill. 20.

Barhydt v. Clark.

It is further insisted that if she did not know the contents of the paper she was executing, it was her duty to know; that after it had been delivered to an innocent third person she can not be heard to say she signed something she did not understand: that having by the execution and delivery of the deed to her father, clothed him with apparent authority to deliver it to the grantee, and he having so delivered it, she will not be permitted to complain that he used it in paying an obligation of his own.

To these positions it is replied by the other side that appellant was not a *bona fide* purchaser for value; that the consideration being merely a credit upon an antecedent debt, appellant loses nothing if the conveyance is set aside, or he be required to return the purchase money, and hence the doctrine of estoppel has no application.

As the learned counsel for appellant has not discussed this feature of the case, and the brief furnished by appellee is very meager, and as in the view we take of the case, the judgment below must be reversed on other grounds, we refrain from expressing an opinion on the points above suggested.

In order to a proper determination of the present suit it is important to notice carefully the nature of appellee's claim, and the grounds upon which she bases her right to recover. Attached to the declaration is a copy of the account sued upon, which is as follows: "For one third value of Memphis property, conveyed to defendant, $800." It is stated in appellee's brief that the conveyance from appellee to Barhydt was either a sale or a gift; that she affirms it as a sale, and that such is the natural import of the deed; that her action is not based on fraud, but is brought in affirmance of the conveyance. If this be so, let us see in what attitude it places her. Having affirmed the contract of sale, the case stands in all respects as it would if she had, in the first instance, expressly authorized her father to sell the land upon the terms and for the consideration he did sell it. His act was her act. Having thus authorized him to sell, she now, while affirming the sale, seeks to repudiate the consideration which formed an

integral part of the contract of sale, and to recover another and different consideration, to wit, the value of the land in money. It is a familiar rule that a party to a contract is not permitted to affirm it in part, and avoid it as to the residue. He can not avail himself of a part and repudiate the balance. 2 Chitty on Contracts, 1089 and notes; Hunt v. Silk, 5 East, 249; Miner v. Bradley, 22 Pick. 457; Voorhees v. Earl, 2 Hill. 292; Jenkins v. Simpson, 14 Me. 364; Besley v. Dumas, 6 Bradwell, 291. Suppose appellee had authorized her father to sell her land for a horse, and he had carried out her instructions, would it be contended that while insisting that the sale of the land should stand, she could refuse to receive the horse, and sue the purchaser of the land for its value in money? It would be an alarming proposition, if after having accepted the conveyance of the land, and paid the agreed consideration therefor, by extinguishing, in whole or in part, an existing legal obligation against a third party, appellant could be required by the grantor, who had authorized such conveyance, to pay for the land a second time. The mere statement of the proposition shows its absurdity. That appellee may not have known the contents of the deed at the time of executing it, is wholly immaterial, if afterward, with full knowledge of its contents, she adopts it, and seeks to avail herself of any rights under it. If she affirms and relies upon the contract, she must take it, *cum onere*, subject to all its terms and conditions.

These principles are decisive of the present case, and must be held to defeat appellee's right of recovery.

Another error appearing in the record is found in the amount of the judgment. The claim, as stated in the plaintiff's copy of the account sued on, is for one third of the value of the property. The proof shows appellee's interest in the land to have been a third interest only. The consideration expressed in the deed was $800, but the undisputed testimony is that the actual consideration as agreed upon was $650. Of this the court gave appellee one half, $325, instead of one third, as claimed by her.

For the errors above stated the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.