## Christ Luxen v. Chicago & Grand Trunk Ry. Co.

1. EVIDENCE—*Existence and Sufficiency of, Questions for the Court and Jury.*—The sufficiency of testimony to prove an allegation is a question for the jury; but whether there is any evidence tending to prove such allegation is a question of law for the court.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed April 15, 1897.

CASE & HOGAN, attorneys for appellant.

RUNNELLS & BURRY, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant worked for the appellee at a circular saw, partly inclosed on the lower side by a box in which sawdust would collect, which it was the duty of the boy to remove, and which duty the boy had neglected. While the saw was running—though the appellant had, as he supposed, taken the proper step to stop it—the appellant undertook to remove the sawdust by putting his hand into the box. In so doing he struck the saw and his fingers were cut off. He sues the appellee upon the theory that the neglect by the boy was the cause of the accumulation of sawdust which was the cause of the inconvenience which caused the appellant to attempt the removal of that sawdust, and therefore that neglect by the boy, not a fellow-servant of the appellant, is enough to entitle him to recover from the appellee damages for the loss of his fingers.

A cause which is no cause at all, is not a proximate cause. Had the appellant stopped the saw, or had he kept his hand out of the box, the neglect by the boy would have done him no harm.

It is true that the sufficiency of testimony to prove an allegation, is a question for the jury; but whether there be any evidence tending to prove such allegation is a question of law for the court to decide. Poleman v. Johnson, 84 Ill. 269.

There is no proof tending to show that negligence by the appellee was the cause of the injury to the appellant.

The direction to the jury to find for the defendant was right, and the judgment is affirmed.