### James McCrea v. Murphy & Son.

1. Sureties—*On Notes Procured by Fraud.*—Although the execution of a note by a surety may be procured by the fraud of the principal maker of the note, it will afford no defense to a suit upon the note against the surety if the payee is free from all fraud or participation in procuring the execution of the note.

**Assumpsit,** on a promissory note. Appeal from the Circuit Court of Cook County; the Hon. John C. Garver, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed July 31, 1900.

M. V. Gannon, attorney for appellant.

Simon Kruse, attorney for appellee.

Mr. Justice Shepard delivered the opinion of the court.

Upon appeal from a justice of the peace, the Circuit Court, at the conclusion of all the evidence, instructed the jury to find the issues for the plaintiffs (appellees) and assess the damages at $94.65, and upon the verdict the judgment now before us for review was entered.

The suit, as shown by the evidence, was upon a joint promissory note for $92.75 made by one Boyle and appellant payable to the order of appellee.

The evidence shows that appellee was an undertaker; that the wife of Boyle had died and that Boyle had ordered a coffin from appellee; that appellee drew the note and handed it to Boyle with the request to get a good signer to it; that Boyle and appellant lived in the same house; that Boyle took the note to appellant and said to him, " Sign this paper or the undertaker will not take the body out of the house," and that appellant signed it. Boyle also signed it and took it back and delivered it to appellee. Appellant testified that at the time he signed the note he did not know it was a note, or what the paper was; that he was lying in the house suffering with a broken leg and had been for some time under the influence of opium to allay pain; that he signed the paper thinking it " would remove the body from the house," and that he knew appellee was an undertaker.

Appellant claims that Boyle, the principal maker, was the agent of appellee to procure his, appellant's, signature, and that his signature was obtained by a " trick and device, a circumvention and a fraud," and that whether so or not was a question that should have been left to the jury.

We have given substantially all the evidence, and have no hesitation in saying that the court properly took the case from the jury. The evidence does not fairly tend to sustain, either that Boyle acted in the matter as agent of appellee, or that any trick or fraud was practiced upon appellant.

Whether there is any evidence tending to prove an essential affirmative fact in the case is a question of law for the court—not for the jury. Poleman v. Johnson, 84 Ill. 269; 6 Ency. Pl. and Pr., pp. 684 and 686.

There is no pretense that appellee was a party to or was in any manner cognizant of any fraudulent representations, if any were made, by Boyle to appellant. So far as anything appears appellee acted in perfect good faith in the matter. All that he did was to draw the note and tell Boyle to obtain a satisfactory signer of it with himself. That, in no sense, made Boyle the agent of appellee. Nor did anything said by Boyle to induce appellant to unite with him in the note affect appellee with fraud, conceding that fraud was practiced by Boyle in such respect, which it is plain was not done.

The case of Anderson v. Warne, 71 Ill. 20, is in point.

It is there held that although the execution of a note by a surety, may be procured by the fraud of the principal maker of the note, it will afford no defense to a suit upon the note against the surety if the payee be free from all fraud or participation in procuring the execution of the note; his rights can not be affected by fraud practiced between the makers of the note.

The affirmative to prove the agency of Boyle and fraud by appellee, was upon appellant. In both respects he completely failed. The judgment must be affirmed.