### City of Venice v. Harriet E. Griffin.

1. PRACTICE—*Where Case Should be Submitted to a Jury.*—Where there is evidence which will, with the inferences to be drawn from it, sustain a verdict, if one is found, the case must be submitted to a jury.

2. APPELLATE COURT PRACTICE—*Objections to Action of Trial Court Not Made in Trial Court May Not be Considered Here.*—Where objections to the introduction of evidence are not made in the trial court such objections may not be considered in this court.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Madison County; the Hon. BENJAMIN R. BURROUGHS, Judge presiding. Heard in this court at the February term, 1903. Affirmed. Opinion filed June 15, 1903.

ROBERT J. BROWN and JOHN L. FECHTE, attorneys for appellant.

BANDY & SULLIVAN and BURTON & WHEELER, attorneys for appellee.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

This is an appeal by the City of Venice from a judgment for $300, rendered against it, in favor of appellee, in the Circuit Court of Madison County, for injuries received by appellee, because of the claimed negligence of the city in allowing a broken wire to be and remain upon a sidewalk of the city an unreasonable length of time before removing it.

There are two counts in the second amended declaration,

but as there is no evidence in support of the second count, in which it is averred that the city had actual notice of the presence of the wire on the walk, that count must be regarded as out of the case.

Appellee was a widow, fifty or sixty years of age, and resided in Greene county, in this state. She had come to Venice to visit her married daughter, who resided on the opposite side of the street from where appellee was injured. This street is the main street of the city and is so named, the principal traffic of the city being along and over it.

About sunset in the evening of the 17th of June, 1901, appellee, with her daughter, daughter's husband, and many other persons, started down the sidewalk of Main street to go to a boat upon an excursion on the river. She had proceeded but a short distance, when, in the exercise of ordinary care and without any knowledge that the walk was in an unsafe condition for travel, she stepped upon a wire that lay partially curled up on the sidewalk and tripped and fell upon the hard granitoid walk, fracturing the bones of her wrist and otherwise seriously injuring her, from which injuries she probably will never fully recover.

Seventeen errors are assigned on the record, some of which are but duplicates of others, and but a few of them are specially noticed in the brief and argument of appellant's counsel, and these only in a general way, thus leaving but a few questions to be considered by us in disposing of the case.

It is first contended that there was a material variance between the allegations of appellee's declaration and the evidence; and in the printed argument it is said that the variation is :

" In this case the declaration alleges that the city negligently and carelessly permitted the sidewalk to become obstructed by a certain wire which had sagged down from the poles on which it was suspended, upon and across the sidewalk, in such a manner as to endanger public travel thereon, etc. The proof was of a wire which had broken off and one end of which had curled up and extended out

on the walk at the time of the accident. Proof of a broken wire hanging down from a pole and curling out on the walk can not sustain an allegation that the wire had sagged down from the poles on which it was suspended across the sidewalk."

Whether the wire "sagged" down from a pole or poles, in Main street of the city, to and upon the sidewalk along the street, or whether it broke and fell down on the walk, or whether it was placed there by some malicious person for the purpose of tripping persons who traveled on the walk, or how otherwise the wire came to be upon the walk, so long as it was not placed there by the act or instigation of appellee, is wholly immaterial. The only material matter about the wire is, was it on the walk? If it was, was it the cause that produced the injury to appellee, and had it been there a sufficient length of time so that it can be said the city was negligent in not sooner removing it?

There is nothing in the point contended for, that there was a variance between the declaration and plaintiff's evidence. But if there was a variance, the evidence was not objected to for that reason or for any other reason, and besides, the declaration was amended by leave of the court and thus the claimed variation was avoided.

The second point made is that appellant's motion to instruct the jury to find a verdict for the defendant should have been sustained. The evidence showed that about a week elapsed after the wire was first seen on the sidewalk and the time when appellee met with the injury. The wire was a dangerous thing to be left where it was and we agree with counsel for appellant in saying:

" Before negligence can be established, it must be shown that the city had actual notice of the obstruction on the sidewalk, or that it had negligently permitted the obstruction to remain on the sidewalk for such a length of time that the city, by the use of ordinary diligence, could and should have known of the existence of the obstruction and removed the same before the accident."

It was for the jury to determine from the evidence before them, whether the city was negligent or not, and it would

have been error on the part of the court to have sustained appellant's motion and taken the case from the jury. Poleman v. Johnson, 84 Ill. 269; Pemberton v. Williams, 87 Ill. 15; Guerdon v. Corbett, Id. 272; Chicago W. Div. Ry. Co. v. Mills, 105 Ill. 63; Hamburg Am. Packet Co. v. Gattman, 127 Ill. 598; Chicago & Northwestern Ry. Co. v. Dunleavy, 129 Ill. 132. The rule of the Supreme Court in regard to directing a verdict, if I understand it, is that where there is evidence which will, with the inferences to be drawn from it, sustain a verdict, if one is found, that the case must be submitted to the jury.

The third point made and urged is, that the court should have allowed appellant's motion for a new trial, presumably because the verdict was against the weight of the evidence, since no other reason is given why it should have been granted.

That the wire was on the sidewalk, and because it was there appellee was very seriously injured, is scarcely disputed, and it is not claimed by counsel that she was not in the exercise of due care for her own safety in traveling on the walk; but it seems to be claimed by counsel, if we rightly understand them, that because there were more witnesses on the part of the city who testified that they had traveled on the walk often and had not seen any wire there, than there were witnesses who testified on the part of appellee that they had seen the wire there, therefore the evidence preponderates in favor of appellant. We are not prepared to adopt such a course of reasoning and are of the opinion that the Circuit Court did not err in overruling the motion.

The remaining points made are not materially different from those already disposed of and need no further notice.

No question is raised as to the rulings in the admission or rejection of evidence or in giving or refusing instructions, and there being no material error in the record, the judgment is affirmed.