HUGH GWYN, Ex'r., &c. *v.* JOHN R. PATTERSON.

One, who signs a covenant as surety upon the condition and agreement between him and his principal, that it is not to be binding upon him, or delivered to the covenantee, unless another person should also sign it as surety, is bound thereby, although the principal to whom he entrusted it, deliver it to the covenantee, without a compliance with such condition, of which and its breach, the latter has had no notice.

(*Townsend* v. *Moss*, 5 Jones Eq. 145, cited and approved.)

CIVIL ACTION, to recover money due on a bond, tried at Spring Term, 1873, of SURRY Superior Court, before *Cloud, J.,* and a jury.

Plaintiff declared on a bond, of the tenor following:

" $250.00 : One day after date, we promise and oblige our-

selves, our heirs, &c., to pay to Phillip Johnson, the just and full sum of two hundred and fifty dollars, borrowed money; value received, as witness our hands and seals, this 22d day of April, 185—.

W. L. MINTER,    [SEAL.]

J .R. PATTERSON,  [SEAL.]

[SEAL.]"

Johnson, the obligee in the bond is dead, leaving a will, of which the plaintiff is executor.

It was admitted on the trial that the defendant Patterson signed and sealed the bond declared on, but he denied that the same was ever by him delivered. He, the defendant, then offered to prove by Minter, the other obligor in the bond, that he had signed and sealed the same, as an escrow only. To this the plaintiff objected, on the ground that Minter was incompetent to testify concerning this matter, because it was a transaction between him and the plaintiff's testator, now dead. The Court overruled the objection; and Minter testified that he, desiring to borrow some money, applied to the defendant to become his surety. This the defendant refused to do, unless one A. J. Satterfield, or one Merlin Sparger, would become his co-surety. The witness, Minter, told the defendant that he would get Satterfield to sign the bond with him.

The defendant then offered himself as a witness, to prove the circumstances under which he signed and sealed the bond, but not for the purpose of testifying as to any transaction between himself and the plaintiff's testator. The evidence was objected to by the plaintiff, who insisted that every act in executing the alleged bonds, was a transaction between the defendant and his testator, although not done in the immediate presence of the latter. His Honor again overruled the plaintiff's objection, and the defendant stated, that the said Minter applied to him to become his surety on a bond for borrowed money from the said Johnson, the plaintiff's testator,

that he refused to do so, unless either one or the other of the persons named in the evidence of Minter, would become co-surety with him. That Minter informed him that Satterfield would stand with him, and with the understanding that Satterfield would sign tho bond, it was prepared by Minter, who signed it and arranged the seals for two other signatures besides his own, that he, Minter, did not bring the paper himself to him, the defendant, to sign, but sent it to him by his son; that he signed it and handed it back to the son, saying to him at the time, " to go now and tell your father, he must get A. J. Satterfield to sign it."

The defendant further testified, that about a year after its execution, he heard that tho paper was in Johnson's hands, to whom he at once sent word, to make his money out of Minter, who was then good; for that he, the defendant, was not, and would not be responsible for the same. On his cross-examination the defendant stated that after signing the alleged bond, he did not expect to see it again; and that he did expect Satterfield to sign it.

There was no evidence that Johnson, the said testator, knew anything whatever of the conversation between Minter and the defendant.

The Court instructed the jury, that to constitute the execution of a deed, signing and sealing and delivery was necessary; that the delivery by the defendant, to the principal obligor, Minter, was, in law, a delivery to Johnson, the plaintiff's testator. That the jury must be satisfied of the execution of the deed by the defendant, before the plaintiff would be entitled to recover; but that if they believed the evidence, the plaintff was entitled to recover.

The defendent asked his Honor to give the following instructions to the jury :

That if the testimony of the defendant, Patterson, is believed, there was no delivery from him to the plaintiff's testator.

That an agent to execute a bond or deed must have au-

thority under seal, and that delivery, being a part of the exetion, an agent must have authority under seal.

That if the jury believe Minter or Patterson, they have evidence that the paper, relied on as a bond, was simply an escrow.

The Court refused to give such instructions, and further informed the jury that Minter might be the agent of the defendant to deliver the bond for him ; and if the jury believed that Minter delivered this bond to the plaintiff's testator and procured from him his money, the plaintiff would be entitled to recover ; but th·y must be satisfied that the bond was delivered to the sai·l testator.

The jury returned a verdict for the plainsiff. Motion for a new trial on the ground of errors in the charge of the Court, and of his Honor's refusal to instruct the jury, as prayed by defendant. Motion refused. Judgment in accordance with the verdict ; from which judgment the defendant appealed.

*Graves*, for appellant.
*Dillard & Gilmer*, and *Shipp & Bailey*, contra.

SETTLE, J. The bond which is the subject of this action, came to the hands of the plaintiff's testator, perfect in form, with nothing about it to excite inquiry and put the obligee on guard. He received it and advanced his money thereon, and it is only when suit is brought for the collection thereof, several years thereafter, that we hear anything of a private understanding between Minter, the principal obligor, and Patterson, his surety, the present defendant, that another surety should also sign the bond before delivery. Concede that such was the understanding between Minter and Patterson, what is it worth, when we consider the fact that Johnson, the plaintiff's testator, when he parted with his money knew nothing about the conversation and understanding between Minter and Patterson.

Conditions imposed by a party to a contract to be effectual

against the other party, who has been induced by the contract to alter his condition, to his prejudice, must have been in some way brought to his notice. In *Townsend* v. *Moss*, 5 Jones Eq., 145, with a similar state of facts to the case at bar, it was said by the Chief Justice, *arguendo*, "if loss follows from this breach of confidence, it should fall on the party who reposed the confidence, rather than on an innocent third person." Or, in other words, where one of two innocent persons must suffer, by the acts of a third, he who had enabled such third person to occasion the loss must sustain it. In *State* v. *Peck*, 53 Maine, 284, BURROWS, J., has collected and distinguished the cases on this subject, in so satisfactory a manner as to render a further discussion of it unnecessary. We will only quote the syllabus in *Millett* v. *Parker*, 2 Metcalf, 608, which is directly in point: "One who signs a covenant as surety upon the condition and agreement between him and his principal, that is not to be binding upon him or delivered to the covenanter, unless another person should also sign it as surety, is bound thereby, although the principal to whom he entrusted it, delivered it to the covenanter, without a compliance with such condition, of which and its breach the latter has had no notice."

PER CURIAM.           Judgment below affirmed.