W. W. VASS v. N. J. RIDDICK.

*Negotiable Instruments—Fraud—Liability of Signer.*

One who signs a note or bond cannot avoid his liability by showing that he was induced to execute the same by the fraud of his co-obligor, in which the obligee did not participate.

(*Barnes* v. *Lewis*, 73 N. C., 138; *Gwyn* v. *Patterson*, 72 N. C., 189, cited and approved).

CIVIL ACTION tried at Fall Term, 1883, of WAKE Superior Court, before *Shepherd, J.*

The action was brought upon a promissory note, of which the following is a copy:

We promise to pay to the order of W. W. Vass, 1 year after date, the sum of two hundred and fifty dollars for money borrowed—note to draw eight per cent. interest after maturity. Dated, Raleigh, February 13, 1880, and signed by Leroy G. Bagley, W. H. Bagley and N. J. Riddick.

W. H. Bagley denied the execution of the note, and the defendant Riddick admitted its execution, but averred that the note had been altered in a material part after having been signed by him.

The following issues were submitted to the jury:

1. Was the note altered after the signature and delivery of Riddick, and without his consent, so as to make it read "two hundred and fifty" instead of "one hundred and fifty" dollars. Ans.—No.

2. Was the note altered after the signature and delivery of Riddick, and without his consent, by inserting the words "1 year." Ans.—No.

3. Did W. H. Bagley execute the note. Ans.—No.

Upon this finding, and the admissions of Riddick, the court adjudged that the plaintiff recover of him the amount of the note, with interest at eight per cent., and that W. H. Bagley go without day. From this judgment, Riddick appealed.

*Messrs. Pace & Holding,* for plaintiff.

*Messrs. Battle & Mordecai* and *Gatling & Whitaker,* for defendant.

ASHE, J. On the trial, it was conceded that when Riddick signed the note the names of Leroy G. Bagley and W. H. Bagley were on the note, and that he signed the same believing the name of W. H. Bagley to be genuine. It was admitted that, on or about the date of the note, and after Riddick had signed it, Leroy G. Bagley took it to the plaintiff, who, believing the signatures of all the signers of the note to be genuine, loaned the amount of the note, less one year's interest, and that no part of the same had been paid.

After the verdict was rendered, the question of the liability of the defendant upon the verdict and admissions above set forth, was argued before the court, and the court being of opinion with the plaintiff, rendered judgment in his favor.

The record fails to state the grounds taken by the defendant's counsel in the court below, but we presume it was the same that was urged in this court, viz.: that the name of W. H. Bagley having been forged, and the defendant seeing his name to the note and believing it was genuine, and that he was good for the

amount, was induced to sign it, and by reason of the fraud and imposition thus practiced upon him by Leroy G. Bagley, he was discharged from liability on the note, and judgment ought not to be rendered against him upon the finding of the jury.

Such a defense could not have availed the defendant, if it had been taken on the trial; for under our law, all bills, bonds and promissory notes are joint and several, and an action may be brought against one or more of the parties thereto, at the option of the plaintiff. C. C. P., §63. And when bonds and notes are thus several as well as joint, in the absence of any reservation or condition at the time of the delivery of the instrument, the obligors or makers are separately bound; and the obligation assumed by each is the same as upon an independent contract: *City of Sacramento* v. *Dunlap*, 14 Cal., 421. Hence it is held, that if a bond (and there is no difference in this respect between a bond and a promissory note) be signed and delivered without any condition or reservation annexed, although it may appear to have been contemplated by the parties that it should be signed by others, it is the deed of the obligor and will be binding on him, although the others do not sign. *Haskins* v. *Lombard*, 10 Maine, 140; *Barnes* v. *Lewis*, 73 N. C., 138; *Scott* v. *Whipple*, 5 Greenl., 336; *State* v. *Peck*, 53 Maine, 284. And even where there is a condition or reservation imposed at the time of delivery, if it is stipulated with the principal obligor or maker, and the payee or obligee has no knowledge of it, the maker or obligor will be bound. As in *Gwyn* v. *Patterson*, 72 N. C., 189, where it was held, "that one who signed a covenant as surety, upon the condition and agreement between him and his principal that it is not to be binding upon him or delivered to the covenantee, unless another person should also sign it as surety, is bound thereby, although the principal to whom he entrusted it delivered it to the covenantee without a compliance with such condition, of which, and its breach, the latter has had no notice." So in *Bigelow* v. *Comegys*, 5 Ohio, 256, which was an action brought upon a replevin bond that was required by statute to be executed

Vass *v.* Riddick.

with two sureties; it was held it was not void because actually signed and delivered by the party with one surety only, the name of another person appearing on the bond, as surety, being a forgery. The principle upon which it was decided was, that an obligor who has signed a bond cannot avoid his liability by showing that he was induced to execute the bond by the fraud of one of his co-obligors, in which the obligee had no participation whatever. To the same effect is *Barnes* v. *Lewis, supra;* and also, *Anderson* v. *Warren,* 71 Ill., 20, which, like the case at bar, was an action upon a promissory note, and it was sought by one of the makers to avoid the payment on the ground the note was obtained by the fraud and circumvention of a co-maker, which was not participated in by the payee; and it was held, that his rights could not be affected by any fraud practiced between the makers of the note.

The doctrine established by these cases is founded upon the settled rule, that where one of two persons must suffer loss by the fraud or misconduct of a third person, he who first reposes the confidence, or by his negligent conduct made it possible for the loss to occur, must bear the loss; for it is against reason that an innocent party should suffer for the negligent conduct of another.

The facts in the case before us bring it directly within the application of the principle enunciated in the cited cases. Riddick was the maker with Leroy G. Bagley, who forged the name of W. H. Bagley, and Vass was the payee. The loss must fall upon the one or the other. The plaintiff was the innocent payee of the note. He had no knowledge of the fraud practiced upon the defendant by Leroy G. Bagley; but the defendant was guilty of negligence in not informing himself of the genuineness of the signature of W. H. Bagley before signing the note, and he must therefore bear the loss.

There is no error. The judgment of the superior court is affirmed.

No error.                                                    Affirmed.