WILMINGTON & WELDON RAILROAD COMPANY v. W. H. KITCHIN and others.

*Negotiable Instruments—Alteration of Bond does not vitiate, when—Agency.*

1. Where a bond was placed in the hands of a co-obligor for delivery, without condition or instructions, and he subsequently erased the name of one of the signers before delivering it to the obligee and without his knowledge or consent; *Held* that the bond is not vitiated.

2. In such the co-obligor acts as the trusted agent of his associate obligors, and his abuse of the trust in altering the bond does not relieve them from liability upon the same.

3. Where one of two persons must suffer loss by the fraud of a third person, he who first reposes the confidence must bear the loss.

(*Vass* v. *Riddick*, 89 N. C., 6; *Barnes* v. *Lewis*, 73 N. C, 138; *Gwyn* v. *Patterson*, 72 N. C., 189, cited and approved.)

CIVIL ACTION, tried at Fall Term, 1883, of EDGECOMBE Superior Court, before *Shepherd, J.*

The action was brought to recover the balance due on a bond of twenty-five thousand dollars, which the defendants, forty-eight in number, had executed to one John Barry and assigned by him to the plaintiff.

In or about the month of July, 1881, the said Barry entered into a contract with Kitchin and others to construct the road-bed of a branch railroad from the town of Scotland Neck, in Halifax county, to a point on the plaintiff's road, about a mile and a half south of the town of Halifax. Among other things, he stipulated to furnish all the crossties and lay the same, and do all the necessary work to complete the road-bed, for the consideration of twenty-five thousand dollars, to be paid him when the road was completed. To secure to him the said sum, the defendants, including C. P. Simmons, A. A. White, James A. White, J. L. Whitehead, B. J. Allsbrook and B. D. Gray, executed the bond which is the subject of the action, to said Barry, in which they jointly and severally obligate themselves to pay him the said sum when the road-bed was completed and accepted by the engineer in charge. It was so accepted.

All the defendants, except C. P. Simmons and the others above named, resisted the recovery of the plaintiff upon the ground that there had been a material alteration in the bond, which rendered it void. They alleged in their answer that defendant Kitchin, one of the signers of the bond, brought it to them and requested them to sign it, and at that time it had been signed by some, and among them was the name of Alfred White, a man of wealth and a prominent citizen of Scotland Neck; and they seeing his name,

with those of others, agreed to sign the bond, and did sign it by the request of Kitchin ; and after their signatures were obtained, and before the bond was delivered by Kitchin to the obligee named therein, the name and signature of Alfred White was erased at his request by the said Kitchin, and the bond was altered without the knowledge or consent of these defendants, and they were not notified of the alteration until after the delivery of the bond by Kitchin to the obligee.

The following issues were thereupon submitted to the jury, who responded as indicated :

1. Was the name of Alfred White, one of the obligors, erased after the signatures of the bond by the defendants without the knowledge or consent of the defendants ?   Answer—Yes.

2. Did the obligee named in the bond know or consent to the erasure of Alfred White's name ?   He did not.

3. Was Alfred White, at the time of his signature of the bond, a man of wealth, and did he sign the same before the defendants ?   Yes.

4. Was the name of Alfred White on the bond an inducement to the defendants to sign it ?   Yes.

5. Did the defendants sign the bond solely because White's name was on it ?   No.

It was admitted by the parties that the alteration was made before delivery.

Thereupon it was adjudged by the court that the plaintiff is not entitled to recover, and that defendants recover their costs.   From this judgment the plaintiff appealed.

*Messrs. J. L. Bridgers, Jr.,* and *Haywood & Haywood* for plaintiff.

No counsel for defendants.

Ashe, J.   The only question presented for our consider-

ation by the record, is—Did the erasure of the name of Alfred White by Kitchin, before the bond was delivered, vitiate the bond?

The instrument is upon its face the joint and several bond of all who signed it. After signing and sealing, it was put in the hands of W. H. Kitchin to be delivered to the obligee. While in the possession of Kitchin the name of Alfred White, one of the original signers, whose signature preceded those of the defendants who contest its execution, was erased by him and then delivered to the obligee without their knowledge or consent.

Kitchin was a co-obligor of the defendants, and, by leaving the bond in his hands to be delivered, was constituted their agent for that purpose.

The act of erasure was either a fraud committed by him upon his co-obligors, or was an abuse of the authority reposed in him as their agent.

If it was a fraud practiced by him upon his co-obligors without the knowledge of the obligee, the defendants are not permitted to set up such a defence to relieve themselves from liability.

It has been recently decided by this court, that one who signs a note or bond cannot avoid his liability by showing that he was induced to execute the same by the fraud of his co-obligor, in which the obligee had no participation. *Vass* v. *Riddick*, 89 N. C., 6. There, the action was brought on a promissory note payable to W. W. Vass and purporting to be signed by Leroy Bagley and W. H. Bagley. The proof was that Leroy Bagley carried the note to N. J. Riddick and asked him to sign it as security, which he did, believing that the signature of W. H. Bagley was genuine; but it turned out that the name of W. H. Bagley was forged, yet the court held that Riddick was liable and was not excused by the fraud of his co-maker, Leroy Bagley.

In *Anderson* v. *Warren*, 71 Ill., 20, where it was sought by

one of the makers of a promissory note to avoid the payment on the ground the note was obtained by the fraud and circumvention of a co-maker, which was not participated in by the payee, *it was held* that his right could not be affected by any fraud practiced between the makers of the note. The same principle was announced in the case *Bigelow* v. *Cormiggs*, 5 Ohio, 256.

But conceding there was no fraud, and none is charged, the question then arises—Was there such an abuse of authority given by the defendants to Kitchin, their agent, as to avoid the bond as to them?

It is a general rule laid down by many authorities, that where there is an agreement between the parties to an obligation that it shall not be valid unless executed by all of certain persons, it is not valid unless so executed; but this rule is subject to exceptions, as for instance, where the obligee had no notice of the condition or reservation, and it is absolutely delivered. *State* v. *Peck*, 53 Maine, 284.

In this case, there was no condition or agreement between the obligors, and no instruction given to the agent in regard to the delivery, but the bond was placed in his hands for delivery as their deed, without any reservation. The principal is bound by the act of his agent, if he clothes him with powers calculated to induce third persons to believe that the agent had authority to act in the given case. The bond was joint and several, and when delivered by Kitchin, it was the delivery of each obligor, as much so as if each obligor had delivered it in person as his separate bond. " *Qui facit per alium, facit per se.*"  The defendants trusted in his good faith, and if he abused the trust, its abuse did not furnish them with any good cause of complaint against the obligee, who, as was found by the jury, did not know of or consent to the erasure of White's name. To adopt the language of Chancellor KENT, who lays down the rule with more precision : " Whoever deals with an agent con-

stituted for a special purpose, deals at his peril when the agent passes the precise limits of his power; though if he pursues the power exhibited to the public, his principal is bound even if private instructions had still limited the special power." The rule here stated is substantially announced and maintained in the case of *Millett* v. *Parker*, 2 Metc. (Ky.), 608, where it is held "that one who signs a covenant as surety upon the condition and agreement between him and his principal that it is not to be binding upon him, or delivered to the covenantee, unless another person should also sign it, is bound thereby, although the principal, to whom he entrusted it, delivered it to the covenantee without a compliance with such a condition." To the same effect are *Barnes* v. *Lewis*, 73 N. C., 138; *Gwyn* v. *Patterson*, 72 N. C., 189; *Smith* v. *Moberly*, 10 B. Mon., 246; *Scott* v. *Whipple*, 5 Greenl., 336 ; 1 Shep. Touch., 71.

The principle decided in these cases disposes of any conclusion of law adverse to the plaintiff, to be drawn from the fact found by the jury in reference to the fourth issue; so that it was an immaterial inquiry whether the name of Alfred White on the bond was an inducement to the defendants to sign the same.

But there is another principle involved and decided, directly applicable to the case before us: that where one of two persons must suffer loss by the fraud or misconduct of a third person, he who first reposes the confidence, or by his negligent conduct made it possible for the loss to occur, must bear the loss. This doctrine is recognized in *Barnes* v. *Lewis, Vass* v. *Riddick, State* v. *Peck, supra,* and in *Herndon* v. *Nichols,* 1 Salk., 289.

Barry was an innocent holder. Kitchin was the agent of the defendants. The delivery of the bond was confided by them to him. The obligee had reason to believe that Kitchin had authority to deliver the bond in the state ex-

isting at the time of delivery.   The defendants reposed the confidence and must sustain the loss, if any.

There is error.   The judgment of the superior court is reversed and a *venire de novo* awarded.   Let this be certified.

Error.                                     *Venire de novo.*