NORFOLK SOUTHERN RAILROAD COMPANY v. DANIEL BARNES.

*Contract—Sale— Vendor and Vendee—Common Carrier—Innocent Purchaser—Bailment..*

A sold to B a buggy, and delivered it to a common carrier to be delivered to B upon the payment of the price; the carrier negligently permitted B to obtain possession without paying the price, and while in possession, B sold to C, who was a purchaser for value, without notice : *Held—*

1. That as soon as the vehicle was delivered to the carrier, *the right of property* passed to the vendee, but *the right of possession* remained in the vendor until the price was paid.

2. That by the negligent conduct of the vendor and his agent—the carrier—the right of property and the right to possession became united in C, and neither the vendor nor the carrier could maintain an action to recover the property.

3. But if the original contract had been one *in which no title passed,* a purchaser for value, and without notice, would not have been protected.

CIVIL ACTION, tried before *Boykin, J.,* at Spring Term, 1889, of HERTFORD Superior Court.

The National Buggy Company shipped over plaintiff's line four buggies, including the one in controversy, to Harrellsville, N. C., to be delivered to one W. J. Lassiter, upon his surrendering the bill of lading therefor. The plaintiff deposited the said buggies in its warehouse at Harrellsville, which was in charge and under the control of J. T. & B. F. Williams, their general freight agents at that point.

Lassiter received possession of said buggies, including the one in suit, from a servant of plaintiff and their said agents. The said servant was permitted to keep the key to the warehouse, and, at times, to deliver freight to owners in the absence of the agents. Lassiter did not surrender, or offer to surrender, the bill of lading when he obtained possession

of the property, nor had he paid the freight. Lassiter's possession was known to said agents. They raised no objection thereto for two or three days, when they demanded possession, and Lassiter refused to surrender same. Lassiter was permitted to remain in" possession for several weeks thereafter, at the expiration of which time he sold the buggy in question to the defendant for value, and without notice of any claim to the buggy by the plaintiff, or the manner and nature of Lassiter's possession

Lassiter was engaged in buying and selling buggies in Harrellsville, and this was within the knowledge of plaintiff and its agents. The buggy in controversy was worth fifty dollars.

The Court instructed the jury that, upon this evidence, plaintiff could not recover.

There was a verdict for defendant; judgment accordingly; motion for new trial; motion refused, and plaintiff appealed.

No counsel for the plaintiff.
*Mr. R. B. Winborne,* for the defendant.

SHEPHERD, J. (after stating the case). A sells goods to B and ships them by a common carrier to be delivered to B upon the payment of the purchase money. By the negligence of the carrier, B obtains possession of the goods without paying the money, and sells them to C, a *bona fide* purchaser, for value, and without notice. Can A, or his bailee, the carrier, recover the goods from C?

This construction of the case upon appeal was conceded by the appellee, and is the most favorable to the plaintiff that can be made; for we think it very clear that if the plaintiff was holding the goods only for the payment of its freight charges, its lien could not be enforced against the innocent purchaser. As soon as the goods were delivered to the carrier, *the right of property* passed to the vendee, but

*the right of possession* remained in the vendor until the price was paid. *Ober* v. *Smith*, 78 N. C., 313 ;. Benjamin on Sales, 1 vol., 260.

This possession he lost by the negligence of his agent, and we are of the opinion that he should not be permitted to recover against the defendant, who bought of the vendee in possession, for value and without notice. Of course, if the vendor could not recover, his negligent agent, the plaintff, can have no cause of action.

We think this case falls within the principle declared in *Railroad* v. *Kitchen*, 91 N. C., 39, "that where one of two persons must suffer by the fraud or misconduct of a third person, he who first reposes the confidence, or, by his negligent conduct, made it possible for the loss to occur, must bear the loss. This doctrine is recognized in *Barnes* v. *Lewis*, 73 N. C., 138; *Vass* v. *Riddick*, 89 N. C., 6; *State* v. *Peck*, 53 Maine, 284; and in *Herndon* v. *Nichols*, 1 Salk., 289." Had this, however, been a conditional sale, before the recent statute, an executory contract to sell, an ordinary bailment, or any other transaction which failed to pass the *title*, the innocent purchaser, however much he may have been misled by the possession and the apparent ownership of his vendor, would not be protected. *Ballard* v. *Burgett*, Langdell's Select Cases, 730. The case of *Millhiser* v. *Eardman*, 103 N. C., 27, does not conflict with this view, as it was there held that, by the terms of the agreement, the title was not to pass until certain conditions were performed.

Here the title passed, and a delivery having been made by the negligence of the vendor's agent, the plainest priciples of justice forbid a recovery.

As to the innocent purchaser, *the right of property* and *the right of possession* are united, and his title is therefore complete.

Affirmed.