## STATE v. L. F. GROVES.

*Indictment for Illegal Sale of Liquor—Sale and Delivery—Interstate Commerce.*

Where G , a resident of this State, living and doing business in a territory within which the sale of intoxicating liquors was prohibited, received at his home an order from a party living in another State for a certain quantity of whiskey at an agreed price and in pursuance of such order delivered the whiskey at a railroad station (also within the prohibited territory) for shipment to the purchaser at his home in another State; *Held,* that the transaction was a sale of liquor within the prohibited territory, and the question of interstate commerce does not affect the guilt or innocence of G.

INDICTMENT for selling intoxicating liquors within a prohibited territory, tried before *Hoke, J.,* and a jury at Fall Term, 1897, of GASTON Superior Court. The defendant was convicted and appealed. The facts appear in the opinion.

*Mr. Zeb V. Walser, Attorney General,* and *Messrs. Shepard & Busbee,* for the State.

*Messrs. A. G. Maxwell* and *Osborne, Maxwell & Keerans,* for defendant (appellant).

FURCHES, J.: The defendant is indicted for selling whiskey within less than two miles of Olney Church in Gaston County. It is admitted that Chapter 179, Acts 1885, prohibit the sale of intoxicating liquors within two miles of said Church, and makes it a criminal offence to do so. It was shown that the defendant lives within about one half mile of said Church, and that he is the owner of a distillery at which he manufactured whiskey, but this distillery is more than two miles from the Church; that the defendant had a building at his home used by him for the "storage and sale" of his whiskey, and that this house was within about one-half mile of the Church.

The defendant testified that he resided at the railroad

station, and that in February, 1897, and before the bill of indictment was found he received through the mail an order from one Morris, a resident of South Carolina, for four and three fourths gallons of whiskey, at an agreed price in money; that in pursuance of said order he shipped to said Morris a keg containing that quantity of whiskey; that this order was received by him at his home and he shipped the whiskey by the railroad from its station; that the place where he received the order, and the railroad station where he delivered the whiskey for shipment, were within about one half mile of said Olney Church.

The Court instructed the jury that, if they should find from the evidence that the defendant received the order and delivered the whiskey to the railroad within one-half mile of said Church, this was a sale of whiskey within the prohibited territory and the defendant would be guilty. The defendant excepted to this charge and contends that he is not guilty for two reasons; first, that the facts shown do not constitute a sale within the prohibited territory; and second, that the transaction was one of inter-state commerce and that he is protected by that.

It was not denied on the argument for the defendant but what the State, in the exercise of its police power, had the right to prohibit the sale of intoxicating liquor within two miles of this Church. *State* v. *Moore,* 104 N. C., 714. But this has been so often decided, and not being disputed by the defendant, we do not feel called upon to cite authority.

Then, did the facts shown constitute a sale within the prohibited territory? If they did, the charge of the Court was correct and the defendant was rightfully convicted, unless he is protected by the inter-state law as he claims he is. The order of Morris to the defendant was a proposition to buy, and the acceptance of this order constituted a con-

121—80

tract—a sale by the defendant to Morris. *Pruden* v. *Railroad*, at this term. And the delivery by the defendant of the keg of whiskey to the railroad at its station for shipment to Morris, was a delivery and made Morris the owner of the whiskey. *Railroad* v. *Barnes*, 104 N. C., 25. The railroad being in such cases the agent of the consignee, a delivery to the railroad was a delivery to Morris.

It is the same in law as if Morris had sent his servant to the defendant, with an order and the money to buy a keg of whiskey, and the defendant had let the servant have the whiskey, and, if these had been the facts, it could hardly be contended that it was not a sale, though Morris did live in South Carolina. And though the servant carried it over the line into South Carolina to Morris, could it be that this would be such an interference with inter-state commerce as to prevent the defendant from being guilty of a violation of the criminal law of North Carolina? It was argued for the defendant that North Carolina cannot legislate for South Carolina—that its legislation is confined to its own territory. And so it is. But it would be strange if it could not enforce the criminal law within its own territory, because it had been violated in a transaction with a citizen of South Carolina.

It seems to us that what we have said is sufficient to show that the question of inter-state commerce has nothing to do with the guilt or innocence of the defendant, and for this reason we do not feel called upon to discuss the law of inter-state commerce.

There is no error and the judgment is affirmed.

Affirmed.