FAIRCLOTH, C. J., and CLARK, J., dissenting.
This is a prosecution for an alleged violation of an ordinance of the city of Greensboro. There was no objection or exception to the manner in which it was commenced, and it may be maintained if the defendant has violated the city ordinance (S. v. Higgs, 126 N.C. 1014), unless the ordinance is in contravention of the doctrine of interstate (522) commerce, and therefore is unconstitutional. The case comes to this Court on appeal of defendant from the judgment of the Court below upon the following special verdict: "That on the . . . . day of. . . ., 1900, the defendant, being employed by the Chicago Portrait Company, a foreign corporation, of Chicago, Ill., came to Greensboro for the purpose of delivering certain pictures and frames for which contracts of sale had previously been made by other employees of the Chicago Portrait Company, who had preceded the defendant in Greensboro. That the defendant went to the Southern Railway freight station, and took therefrom large packages of pictures and frames which had been shipped to Greensboro, N.C. addressed to the Chicago Portrait Company, carried these packages to the rooms of the defendant in the Woods House, a hotel in the city of Greensboro, and there broke the bulk, placing said pictures in their proper frames, and from this point delivered the pictures one at a time to the purchasers in the city of Greensboro. The defendant had been *Page 357 
engaged in this work two days when arrested. That sec. 57 of the charter of the city of Greensboro, N.C. is as follows: `That in addition to the subjects listed for taxation, the aldermen may levy a tax on the following subjects, the amount of which tax, when fixed, shall be collected by the collector of taxes, and if it be not paid on demand, the same may be recovered by suit, or the articles upon which the tax is imposed, or any other property of the owner may be forthwith distrained and sold to satisfy the same, namely: * * * (21) Upon all subjects taxed under Schedule B, chapter one hundred and thirty-six, Laws of North Carolina, session of one thousand eight hundred and eighty-three, not heretofore provided for, shall pay a license or privilege tax of ten dollars. And the Board of Aldermen shall have power to impose a license tax on any business carried on in the city of Greensboro, not before enumerated herein, not to exceed ten dollars a (523) year.' The business mentioned in the ordinance following is not named in the charter of the city, other than in the above section. That the following is an ordinance duly passed by the Board of Aldermen of the city of Greensboro under and by virtue of the foregoing section of said charter, and prior to any of the orders being taken: `Be it ordained by the Board of Aldermen of the city of Greensboro, North Carolina: That every person engaged in the business of selling or delivering picture frames, pictures, photographs, or likenesses of the human face, in the city of Greensboro, whether an order for the same shall have been previously taken or not, unless the said business is carried on by the same person in connection with some other business for which a license has already been paid to the city, shall pay a license tax of ten dollars for each year. Any person engaging in said business without having paid the license tax required herein, shall be fined twenty dollars, and each and every sale or delivery shall constitute a separate and distinct offense.' That neither the defendant, the Chicago Portrait Company, nor any of the employees of the Chicago Portrait Company, have paid the city any license tax. If upon the foregoing facts, the Court shall be of opinion that the defendant is guilty, the jury say that he is guilty; otherwise, they say that he is not guilty." Upon this special verdict the Court held that the defendant was guilty, and the verdict was so entered, and the defendant fined $20. From this verdict and judgment the defendant excepted, and appealed to the Supreme Court.
The defendant assigns as grounds of error: "(1) The facts set out in the special verdict do not make the defendant guilty of engaging in the business of delivering pictures without first *Page 358 
(524) having obtained a license so to do, within the purview and contemplation of the ordinance of the city of Greensboro. (2) That, should defendant be held liable under the ordinance in controversy, said ordinance is unconstitutional, being in conflict with sec. 8 of Art. I of the Constitution of the United States, being an interference with, and an attempt to regulate, commerce among the States, and a burden upon the same." We will consider these assignments in the order in which they are stated; for, if the defendant has not been guilty of carrying on a business in violation of the city ordinance, then he is guilty of no offense — is not guilty — and there is nothing for the second assignment to rest upon.
It seems to us that a good way to test this exception is to divest our minds of the fact that the defendant was the agent of the Chicago Portrait Company, and to consider him as a citizen of Greensboro, who had bought these pictures, and had them shipped to him in the unfinished state they were. And if he had taken them to his house, opened them, assorted them, and put them together, and then sold and delivered them to parties in town, would he not have been a dealer engaged in selling and delivering pictures and picture frames in violation of the ordinance? We think he would, and would be guilty — would be, unless he is protected by reason of the unconstitutionality of the ordinance, as stated in the second assignment of error. And, it being claimed in this assignment that it involves a constitutional question — that it is in violation of "sec. 8 of Art. I of the Constitution of the United States, being an interference with, and an attempt to regulate, commerce among the States, and a burden upon the same" — it becomes an important question, and should be well considered. This has been well done, by arguments of the learned counsel, and the well-considered brief of defendant. It is contended in this brief that no State has a right to levy a tax on interstate commerce, (525) and for this Ferry Co. v. Pennsylvania, 114 U.S. 196, and Crutcher v. Kentucky, 141 U.S. 47, are cited. This position is true. And the defendant then contends that this ordinance is unconstitutional because it levies a tax on interstate commerce. For this position he cites quite a number of cases which he says sustain it. Among them, we will only mention those apparently most relied on. Robbinsv. Taxing Dist., 120 U.S. 480; Brennan v. Titusville, 153 U.S. 289;Adkins v. Richmond, 98 Va. 91. The proposition of law contended for is undisputedly true — that a State can not tax interstate commerce. The trouble is, not in not being able to understand this rule of law, but in applying it. The defendant insists that *Page 359 Brennan v. Titusville, supra, is directly in point — is in every essential fact this case — and should control the opinion of the Court on this appeal. And it is in many respects like this case, but there is one material difference between that case and this, which marks the distinction. In that case the goods were shipped directly to the purchaser. In this case they were shipped by the Chicago Company to itself, in the city of Greensboro; and when they reached Greensboro the defendant, as the agent of the Chicago Company, received them from the railroad at its depot, carried them to its room in Greensboro, opened the boxes in which they were shipped, took out the pictures and picture frames, assorted them and put them together, and delivered them to the purchasers in the city of Greensboro, and had been engaged in this work two days when arrested. If they had been completed and shipped directly to the parties for whom they were intended, this case would have fallen within the decision of Brennan v. Titusville, supra; and we should hold, as it was held there, that it was an interference with interstate commerce, and that the defendant was not guilty. But to our minds there is a decided difference (526) between this case and that. The contract to make and deliver these pictures was an executory contract, and no title passed by this contract. Tied. Sales, secs. 88, 89; Drill Co. v. Allison,94 N.C. 548. If they had been completed in Chicago, and under contract shipped to the purchaser, the title would have passed to the consignee upon delivery to the railroad in Chicago; the railroad being deemed to be the agent of the consignee. S. v. Groves, 121 N.C. 632; R. R. v. Barnes,104 N.C. 25 and Brennan v. Titusville, supra, would have applied, as the tax would have been upon the commerce. But, instead of completing the pictures in Chicago, and shipping them to the parties who had contracted for them, they were shipped to itself (the Chicago Portrait Company), in Greensboro. This being so, no title ever passed from the Chicago Portrait Company until the pictures were put in the frames and delivered by the defendant. These pictures belonged to the Chicago Company when they were shipped from Chicago, and belonged to it when they got to Greensboro. And the question is, could the Chicago Portrait Company, because it was a foreign corporation, engage in the business of completing these pictures, and in selling and delivering them, in Greensboro, without becoming liable for a city tax for which its own citizens would be liable? It seems to us that it could not. This case seems to fall under the doctrine of Emert v. Missouri,156 U.S. 296, and Range Co. v. Carver, 118 N.C. 328. There was no *Page 360 
sale — no title passed from the Chicago Portrait Company — until the pictures were completed and delivered to the purchasers. We are, therefore, of the opinion that the defendant was engaged in the business of selling and delivering pictures and picture frames in the city of Greensboro; and, as we (527) are not able to see how the enforcement of this ordinance interferes with interstate commerce, the judgment of the Court below is affirmed.