### VIRGINIA-CAROLINA JOINT STOCK LAND BANK v. E. W. LILES, AFFIE LILES and CAROLINE R. LILES.

(Filed 11 September, 1929.)

1. **Principal and Agent A c—In this case held: the attorney securing loan was agent of borrower to pay off prior encumbrances.**

   Where the lender of money makes a loan secured by a mortgage on the land containing a warranty that the title was free from encumbrances, and has no actual knowledge of a prior registered mortgage, and sends its check payable to the attorney securing the loan and the borrower, and the borrower endorses the check and gives it to the attorney and trusts him to pay off the prior mortgage lien, the attorney is the agent of the borrower for the purpose of paying the prior mortgagee, and the lender may recover from the borrower upon the default of the attorney to pay off the existing mortgage lien and his appropriation of the money to his own use.

2. **Same—In this case held: evidence of declarations of agent as to transaction was incompetent.**

   Where one of two parties must suffer loss by the fraud or misconduct of another acting as agent in the transaction between the contracting parties, he who reposes the confidence in the agent, or by whose negligent conduct makes it possible for the loss to occur, without the knowledge or concurrence of the other, must bear the loss, and *Held*, under the facts of this case, evidence of the declarations of the agent in respect to the transaction was incompetent as evidence.

3. **Principal and Agent C d—Principal placing his agent in position to commit a wrongful act must suffer the loss occasioned thereby.**

   Where the applicant to a land bank for a loan negotiates his loan through an attorney, and represents in his application that the land upon which the proposed loan was to be made was free from mortgage liens or encumbrances, and in his deed of trust on the land securing the loan warrants the title to be free and clear from encumbrances, and thereupon after the investigation of the title for the land bank by the attorney and his certificate to the land bank, the loan is made by check payable to the attorney and to the borrower, and the latter endorses the check and gives it to the attorney with the understanding that the attorney should cancel a prior registered mortgage with the proceeds: *Held*, the negligence of the borrower in not personally seeing to the cancellation of the prior lien makes him liable to that extent to the lender upon the failure of the attorney to have it canceled and his appropriation of the money to his own use, and a directed verdict upon evidence establishing these facts is proper.

APPEAL by defendants from *Midyette, J.*, and a jury, at June Term, 1929, of PASQUOTANK. No error.

*Material facts:* The plaintiff is a money-lender. It instituted this action to recover the sum of $4,500, and interest, loaned the defendants. The loan was made 1 January, 1926. The $4,500 indebtedness was payable in 66 semiannual payments, bearing six per cent interest, $157.50 each, payable on 1 January and July of each year. The note was secured by deed of trust of even date, which was duly recorded, on certain lands of the defendants.

The application for the loan signed by the defendant, E. W. Liles, recites: (a) "There are no outstanding deed or mortgages upon said premises unrecorded, and no liens or equities of any kind affecting the title thereto not fully disclosed of record, and I do not know of anything that may give rise to adverse claims of any kind." (b) "The undersigned represents, warrants, guarantees and insures to the said bank the truth of all and singular the foregoing statements, which are understood to form the basis for the proposed loan and are to be construed in connection therewith and as relating to the security offered therefor."

The deed in trust executed by all the defendants to a trustee for benefit of plaintiff recites: "That the same is free from all valid and subsisting liens and encumbrances; and that they will warrant and defend the title thereto against the claims of all persons whomsoever."

At the time the loan to defendants was made, the Federal Land Bank of Columbia, S. C., on 14 September, 1922, had loaned the defendants $4,000 on the lands on which plaintiff claims a lien. The deed in trust to secure same was duly recorded on 18 September, 1922. That the balance due on said loan is $3,720.17, with interest thereon at five and a half per cent from 1 December, 1928.

The defendants contend that C. F. Garrett, secretary-treasurer for plaintiff, wrote on 7 January, 1926, the defendant, E. W. Liles, the following letter:

"1. This is to notify you that, in pursuance of your application to this bank, and acting upon the recommendation of Federal Appraiser, C. L. Ball, we have approved the loan proposed to be made to you, to the amount of $4,500 in lieu of the $6,000 applied for, based on the acreage as set out in your application.

2. We, therefore, request that you now place in the hands of our attorney, E. A. Matthews, Roanoke Rapids, N. C., any papers or information in your possession which might be of assistance to him in preparing an abstract of your title to the land offered as security.

3. We especially request that you turn over to him for use in connection with, and to be attached to the abstract, a map or plat, prepared by some competent surveyor showing accurately the boundaries and

acreage of your land, and bearing the surveyor's signature in certification of these facts. This map should be procured at once by you, if you do not already have it.

4. We are sending a copy of this letter to the above mentioned attorney, to signify our request and desire that he proceed as speedily as possible with preparation of your abstract of title, in accordance with arrangements previously made with him by this bank; also that he send us, as soon as possible, legal description, for our use here in preparing trust deed.

5. Before paying you the proceeds of this proposed loan, we shall require a policy of insurance to be taken out on your buildings, providing for payment, by the New York Standard form of mortgage clause, of any loss to the Southern Trust Company, Elizabeth City, N. C., as trustee. We think the amount of this insurance should be $1,500."

The abstract of title by "E. A. Matthews, attorney," on 16 January, 1926, recited, among other things: "No encumbrances of record against the property of E. W. Liles described in caption of this abstract."

The final certificate made by "E. A. Matthews, attorney," on 4 March, 1926, recites, among other things, that there were no liens or encumbrances on the property that plaintiff took a deed in trust on and the lien was duly recorded "and is now a first lien on said property." The defendants further deny that they owe said debt and contend that E. A. Matthews, of Roanoke Rapids, N. C., was an agent and attorney of the plaintiff and procured the aforesaid loan for the defendants from the plaintiff. That the defendant, E. W. Liles, went to E. A. Matthews to get him to have released from the lien of a deed of trust held by the Federal Land Bank of Columbia, S. C., certain timber subject to the lien of said bank. He did not get the land released from the lien of said bank, and then made application to the plaintiff for the loan sued upon on an application blank which E. A. Matthews had in his office. Matthews fixed up the application in his office, at Roanoke Rapids. After having signed the application, he subsequently received the letter above set forth.

The defendant, E. W. Liles, testified in part: "I signed this paper (application for loan) in Roanoke Rapids; Matthews made it out. It is my signature at the bottom. I executed it in his office. After that time I executed a note payable to the Virginia-Carolina Joint Stock Land Bank, and the deed of trust also. The check was for $4,513.25, and was read by the witness to the jury as follows: 'Virginia-Carolina Joint Stock Land Bank, Elizabeth City, N. C., 26 February, 1926, pay to the order of E. A. Matthews, attorney, and E. W. Liles, borrower, $4,513.25, loan No. 2823, First and Citizens National Bank, Elizabeth City, N. C.'

I endorsed that check and gave it to Mr. Matthews; however, Matthews gave it to me and I endorsed it. I did not see him endorse it. I think he did. I do not think he had endorsed it at the time he gave it to me. I left a space at the top because his name appeared first in the face of the check. I don't think Matthews' name was endorsed before mine. Matthews turned over to me $540.00 some odd dollars in cash. I think he deducted $75.00 as his fee out of this check; that was satisfactory to me at the time. I could not say whether he had agreed on any fee before. I don't remember discussing it with him. My loan with the Federal Land Bank was in 1922 and 1923. I went to Roanoke Rapids to see Matthews to get him to write the Federal Land Bank and get them to release the timber. When I first got the loan I went to see Matthews about it. He prepared an abstract and I paid him his fee, but don't remember the amount."

E. A. Matthews, attorney, never paid the prior lien of the Federal Land Bank of Columbia, S. C., and has absconded. Defendants did not discover it was not paid until November, 1927, after Matthews had gone.

The court below charged the jury that if they believed the evidence and found the facts to be as testified to by all the witnesses, their answer to the issue would be that the defendants were indebted to the plaintiff and gave the amount and interest, to which there is no dispute. The jury found the issue in favor of the plaintiff. To this charge the defendants excepted and assigned error.

The defendants also duly excepted and assigned error to the following evidence, excluded by the court below: "That Matthews upon the arrival of the check represented by the loan in controversy informed the defendant that it would be necessary, as a part of the requirements of the plaintiff to withhold sufficient of the funds, amounting to approximately $3,700 to pay off the Federal Land Bank mortgage."

*Worth & Horner and Thompson & Wilson for plaintiff.*
*George C. Green and Parker & Allsbrook for defendants.*

CLARKSON, J. The question involved, as contended by defendants: "Is there sufficient evidence to show that Matthews was acting as agent of the plaintiff in the receipt and disbursement of the proceeds of the loan made to Liles?" We think not, under the facts and circumstances of this case.

From the evidence, plaintiff bank knew nothing about the prior lien on the land given by defendants to the Federal Land Bank of Columbia. The defendants (through E. W. Liles) in their application to plaintiff

BANK *v.* LILES.

bank for the loan, stated that there were no liens on the land. He represented, warranted and guaranteed the truth of the statement that there were no liens on the land. In the deed of trust defendants gave to plaintiff, the warranty was to the effect that there were no liens and encumbrances on the land. Plaintiff, with no knowledge of the Federal Land Bank lien on the property, sent a check, on 26 February, 1926, payable to the order of E. A. Matthews, attorney, and E. W. Liles, borrower, for the loan, $4,513.25. E. W. Liles endorsed this check and turned it over to Matthews, who kept a fee of $75.00 out of it, to which Liles made no objection, and Matthews turned over to him $540 in cash, the balance Matthews kept to be applied on the lien of the Federal Land Bank of Columbia, S. C. Matthews never paid the Federal Land Bank of Columbia, and has absconded. On whom must the loss fall? Under the facts and circumstances of this case, we think on the defendants.

The defendants are *sui juris,* and it is a great hardship on them, but we cannot break into well-settled principles of law in hard cases. If we did, we would have no orderly system, and law would be a "rope of sand." The check was payable to the order of E. W. Liles, borrower, as well as E. A. Matthews, attorney. True, it was sent to Matthews, but he could not collect the money until Liles endorsed the check. Liles knew that he and the other defendants had given a lien on the land; the plaintiff knew nothing of the lien. Liles had even represented, warranted and guaranteed to plaintiff that there were no liens on the land. It was Liles' duty to have seen that the money sent by check to his and Matthews' order, was applied on the lien, but instead of doing this he endorsed the check and gave it to Matthews, and by so doing turned the money over and trusted Matthews, as his agent, to pay the lien, which plaintiff had not done by a check payable alone to Matthews. Liles trusted Matthews and made him his agent to perform an act that plaintiff knew nothing about, and Liles knew all about. We think the well-settled principle of law applies, as stated in the following cases: In *Lickbarrow v. Mason,* 2 T. R., 63, at p. 70, *Ashhurst, J.,* says: "Whereever one of two innocent persons must suffer by the acts of a third, he who has enabled such third person to occasion the loss must sustain it." It is well said by *Lord (C. J.) Holt* in *Hern v. Nichols,* 1 Salk., 289: "For seeing somebody must be a loser by this deceit, it is more reason that he that employs and puts a trust and confidence in the deceiver should be a loser than a stranger." In *County of Macon v. Shores,* 97 U. S., 272, 279: "Where a loss is to be suffered through the misconduct of an agent, it should be borne by those who put it in his power to do the wrong, rather than by a stranger." In *O'Connor v. Clark,* 170 Pa., 318, 321, 29 L. R. A., 607, "Where one of two innocent persons must

suffer loss by reason of the fraud or deceit of another, the loss should fall upon him by whose act or omission the wrongdoer has been enabled to commit the fraud." In *Bartlett v. First National Bank,* 247 Ill., 490, 498, "Where one of two innocent parties must suffer loss by reason of the wrongful acts of a third party, the rule is almost universal that the party who has made it possible, by reason of his negligence, for the third party to commit the wrong must stand the loss." See note in Mechem on Agency (2 ed.), Vol. 1, page 531. In *R. R. v. Kitchen,* 91 N. C., at p. 44, the principle is thus stated by *Ashe, J.,* and has been time and time again reiterated in this jurisdiction: "Where one of two persons must suffer loss by the fraud or misconduct of a third person, he who first reposes the confidence, or by his negligent conduct made it possible for the loss to occur, must bear the loss." *S. ex rel. Barnes v. Lewis,* 73 N. C., 138; *Vass v. Riddick,* 89 N. C., 6; *R. R. v. Barnes,* 104 N. C., 25; *Ellison v. Sexton,* 105 N. C., 356; *Medlin v. Buford,* 115 N. C., 260; *Havens v. Bank of Tarboro,* 132 N. C., 214; *Bank v. Oil Co.,* 150 N. C., 718; *Campbell v. Huffines,* 151 N. C., 262; *Wynn v. Grant,* 166 N. C., 39; *Stelges v. Simmons,* 170 N. C., 44; *Bank v. Dew,* 175 N. C., 79; *Mann v. Mann,* 176 N. C., at p. 363; *Fain Grocery Co. v. Early & Daniels Co.,* 181 N. C., 459. See *Atlantic Life Insurance Co. v. Rowland* (C. C. A., 4th Circuit), 22 Fed. (2d), 126 (1927); *Kirkpatrick and Howard v. Warden,* 118 Va., 382, 87 S. E., 561 (1916).

An interesting discussion of this subject, which is termed "The dilemma of choosing between two innocent persons," may be found in Mechem on Agency (2d ed.), Vol. 1, p. 532 *et seq.,* and Vol. 2, p. 1552.

We do not think it necessary to discuss the two classes of agents general or particular or special and analyze the evidence. We think the principle stated above applies. Defendant Liles was negligent, and there was a lack of due care on his part, in trusting Matthews, the attorney, and defendants must bear the loss. Plaintiff took no chance and made the check payable to the order of both.

The letter saying "our attorney" does not affect the case. Defendants had the opportunity of protecting themselves, and failed to do so, by the check being made payable to the order of both.

From the position here taken, the evidence of the declaration of Matthews was incompetent.

No error.