L. L. BROWN, TRADING AS BROWN MOTOR COMPANY, v. LESLIE J. PAYNE.

(Filed 30 September, 1931.)

1. **Principal and Agent C d—As between two innocent parties the one first reposing confidence in the wrongdoer must suffer the loss.**

Where the purchaser of an automobile executes a note and title retaining contract under an agreement that the seller should negotiate the note to a credit company, and thereafter, while the note is in the hands of the credit company pending its acceptance thereof, the purchaser, with knowledge of the facts, signs another note and title retaining contract in blank, and the seller fills in the blanks in the name of an automobile dealer, who, without knowledge of the first note, negotiates the second note as payee to another credit company and pays the proceeds to the seller as a matter of accommodation, and the seller collects and retains the proceeds of the first note also, *Held:* the dealer, having paid the note negotiated in its name, may recover from the purchaser of the automobile the amount thereof on the principle that as between two innocent parties the one first reposing confidence in a third person must suffer the loss occasioned by his wrongful act, and the question of whether the dealer was the payee of holder in due course of the second note does not affect his right to recover against the purchaser of the automobile.

**2. Trial D b—Refusal to direct verdict on conflicting evidence is not error.**
   Where the evidence relating to an issue is conflicting the refusal of the trial court to direct a verdict thereon is not error.

APPEAL by defendant from *Cranmer, J.,* at March Term, 1931, of NORTHAMPTON. No error.

On or about 13 May, 1929, the defendant, Leslie J. Payne, purchased from J. Dewey Rice, a new Chrysler automobile. In accordance with the contract of purchase, the defendant executed and delivered to J. Dewey Rice a note in part payment of the purchase price of the automobile. Defendant also executed and delivered to the said J. Dewey Rice a contract by which the title to the said automobile was retained as security for the note. It was understood and agreed at the time the note and contract were signed and delivered that both would be sold and assigned to the Atlantic Discount Corporation of Elizabeth City, N. C., provided said corporation should agree to purchase the note from J. Dewey Rice and pay to him the purchase price in cash. This note was dated 13 May, 1929.

On 14 May, 1929, J. Dewey Rice informed the defendant that he had tendered the note and contract executed by the defendant on 13 May, 1929, to the Atlantic Discount Corporation, and that said corporation had advised him that it would require several weeks for investigation before the said corporation could determine whether or not it would purchase the note. J. Dewey Rice then requested the defendant to execute and deliver to him another note and contract for the balance due on the purchase price of the automobile, advising defendant that he would tender the second note and contract to the Commercial Credit Company of Charlotte, N. C. In compliance with this request, defendant executed and delivered to J. Dewey Rice a second note and contract, with full knowledge that said note and contract would be offered to the Commercial Credit Company. Defendant authorized J. Dewey Rice to fill in blanks in said note and contract, after he had signed the same. At the time defendant signed the second note and contract, he knew that the note and contract which he had signed and delivered to J. Dewey Rice on 13 May, 1929, were then in the possession of the Atlantic Discount Corporation, awaiting the decision of said corporation as to whether or not it would purchase the said note and pay the proceeds thereof to J. Dewey Rice.

At the date of the execution by defendant of the second note and contract, which it was understood and agreed would be offered to the Commercial Credit Company, for purchase, J. Dewey Rice had no arrangements with said company by which he was authorized to draw on it

for the amount of a note offered by him to said company for purchase. He knew, however, that plaintiff, a dealer in automobiles, had such arrangements with said company. He therefore requested the plaintiff to take the note and contract, attach same to a draft on the Commercial Credit Company and pay him in cash the amount of the note. Plaintiff, as an accommodation to J. Dewey Rice, agreed to handle the note and contract in accordance with his request. The blanks in the note and contract were filled, showing that plaintiff had sold the automobile to defendant, and that plaintiff was payee of the note. After the completion of this transaction, plaintiff gave to J. Dewey Rice his check for $970.00. This check was paid. Plaintiff then attached the note with his endorsement to his draft on the Commercial Credit Company at Charlotte, N. C., and forwarded the draft for collection. The draft was paid by the Commercial Credit Company. At the time of this transaction plaintiff did not know that defendant had executed the note and contract, which were then in possession of the Atlantic Discount Corporation.

About three weeks after these transactions, the Atlantic Discount Corporation notified J. Dewey Rice that it had accepted the first note and contract executed by defendant; the said corporation paid the proceeds of the said note to J. Dewey Rice who accepted and used the same, without notifying either the plaintiff or the defendant that the Atlantic Discount Corporation had purchased and paid for said note. As the result of these transactions, J. Dewey Rice received the proceeds of both notes executed by defendant in payment of the balance due on the purchase price of the automobile which he had sold to defendant.

Some time after these transactions, defendant was notified by the Atlantic Discount Corporation that said corporation had purchased from J. Dewey Rice the first note executed by him, and by the Commercial Credit Company that said company had purchased from the Brown Motor Company the second note executed by defendant. Defendant then notified plaintiff that he would not pay the note held by the Commercial Credit Company, but would pay the note held by the Atlantic Discount Corporation. Since then, defendant has paid in full the first note executed by him, said payment having been made to the Atlantic Discount Corporation. Plaintiff has been required to pay and has paid to the Commercial Credit Company the sum of $985.00, on account of his endorsement of the note executed by defendant and delivered by him to J. Dewey Rice, on 14 May, 1929. Plaintiff now holds said note.

J. Dewey Rice has paid to plaintiff on account of the note executed by defendant the sum of $375.00, leaving as the balance due plaintiff on said note the sum of $610.00.

The issues submitted to the jury, without objection by the defendant, were answered as follows:

"1. Did the defendant, Leslie J. Payne, by his act in signing the note and contract sued on, in blank, place J. Dewey Rice in position to perpetrate a fraud on defendant? Answer: Yes.

2. If so, did the plaintiff, Brown Motor Company, have knowledge of the fraud perpetrated by J. Dewey Rice and participate therein? Answer: No.

3. What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: $610.00.

4. What was the value of the automobile at the time it was taken under claim and delivery in this action? Answer: $610.00."

From judgment that plaintiff recover of the defendant and the surety on his replevin bond, Southern Surety Company of New York, the sum of $610.00, with interest thereon, defendant appealed to the Supreme Court.

*Burgwyn & Norfleet for plaintiff.*
*A. T. Castelloe for defendant.*

CONNOR, J. The fraud perpetrated by J. Dewey Rice on both plaintiff and defendant in this action, as shown by all the evidence at the trial, was not in procuring the execution by the defendant of the second note and contract, now held by the plaintiff, but in retaining the proceeds of the first note paid to him by the Atlantic Discount Corporation, after he had received from the plaintiff the proceeds of the second note which was sold to the Commercial Credit Company, with the endorsement of the plaintiff, who was the nominal payee of said note. At the date of the execution of the second note by the defendant, defendant knew that the first note was then in the possession of the Atlantic Discount Corporation, awaiting its decision as to whether or not said corporation would purchase said note and pay the proceeds thereof to J. Dewey Rice. With this knowledge, defendant executed and delivered to J. Dewey Rice the second note and contract, thereby enabling the said J. Dewey Rice to perpetrate a fraud not only on the defendant, but also on the plaintiff. The principle on which defendant is liable to plaintiff on all the facts shown by the evidence is well settled in the law, and has been frequently applied by this Court. The principle was thus stated by *Ashe, J.,* in *R. R. v. Kitchin,* 91 N. C., 40: "Where one of two persons must suffer loss by the fraud or misconduct of a third person, he who first reposes the confidence or by his negligent conduct made it possible for the loss to occur, must bear the loss." See *Bank v. Liles,* 197 N. C., 413, 149 S. E., 377, and numerous cases cited therein.

Assignments of error based on defendant's exceptions to the refusal of the trial court to allow his motion for judgment as of nonsuit, and to instruct the jury as requested by the defendant cannot be sustained.

Upon the facts shown by all the evidence at the trial, it is immaterial whether the plaintiff was the holder in due course, or the payee of the note sued on in this action. There was, therefore, no error in the refusal of the court to submit to the jury the issues tendered by the defendant. The right of plaintiff to recover in this action is not determined by his relation to the note, whether payee, as appears upon its face, or holder in due course, as there was evidence tending to show.

There was evidence tending to show that the note for $1,500 was delivered to the plaintiff by J. Dewey Rice in full satisfaction of the loss sustained by plaintiff. There was also evidence tending to show that it was agreed by and between plaintiff and J. Dewey Rice that the proceeds of this note should be prorated among the debts of J. Dewey Rice to plaintiff, resulting in a credit on the note sued on of $375.00. Conflicting evidence in support of the respective contentions of the parties as to the answer to the third issue, was submitted to the jury under instructions which are free from error. The exceptions to the refusal of the court to instruct the jury to answer the third issue "nothing," as requested by the defendant, cannot be sustained.

There was no error in the trial of this action. The judgment is affirmed.

No error.